## Thornton's Executors *versus* Krepps.

### Tenancy by Courtesy.

1. The incidents of an estate do not depend on the intention of the grantor, but are engrafted on it by law, and generally at least without any regard to his intention, and even in disregard of it.
2. Courtesy attaches to an estate in fee that is subject to a conditional limitation on the failure of issue.

ERROR to the Common Pleas of *Fayette county*.

This was an action of ejectment brought by Robert Rogers and William Armstrong, executors of Joseph Thornton, deceased, against John S. Krepps and Mathias Davis, to recover possession of 260 acres of land, in Luzerne township, Fayette county.

The land in controversy belonged to Joseph Thornton, who died October 1839, and who by his will, dated October 3d, A. D. 1839, devised it as follows: "To Eliza Ann Thornton, natural daughter of my said son Nelson, I give and devise all that plantation bought of Andrew Porter and John Davis, lying on the Monongahela river, in Luzerne township, adjoining Elijah Crawford, Thomas Neelan, Joseph Crawford, and Joseph Crawford, Jr., containing, as is supposed, 250 or 260 acres, besides the allowance, be the same more or less, she paying out of the rents to my executors, the sum of $365 annually, during the life of my said son Nelson; Provided, that should the said Eliza Ann die in her minority, and without lawful issue then living, the lands hereby devised shall revert and become part of the residue of my estate hereinafter disposed of." The testator, in a subsequent clause of his will, devised and bequeathed "all the rest and residue of his estate to his executors," and appointed the plaintiffs his executors.

It was asserted by plaintiff that Eliza Ann Thornton was born February 12th 1836, was married to John S. Krepps, January 1st 1856, and was delivered of a still-born child on the 1st of January 1857; while the defendant offered evidence on the trial to show shat she was born in February 1835, and that her child was not still-born but was born alive, and had moved and cried. With these exceptions there was no dispute as to the facts of the case. Mrs. Krepps died on the 23d of January 1857, "without lawful issue then living, leaving" the said John S. Krepps, her husband surviving. It was also admitted on the trial that Mrs. Krepps, by her guardian, prior to her marriage, had the actual seisin of the premises in dispute, was in receipt of the rents, issues, and profits thereof, had paid thereout $365 to the use of testator's son Nelson, and that the actual seisin and possession was in her husband and herself until her death, and that he has held it since. The executors claimed to recover the

[Thornton's Executors *v.* Krepps.]

land under the will, which was resisted by Krepps, who insisted on his right to the possession as tenant by the courtesy.

The court below (GILMORE, P. J.) charged the jury that Eliza Ann took an estate of inheritance under her grandfather's will, and was seised of it at the time of her marriage and death, and that it was such an estate as her issue might have inherited. That courtesy must come out of the inheritance, and not out of the freehold, and could not be defeated even though the estate of inheritance had been spent. That marriage and the death of the wife were all that is now required to create this estate, birth of issue being dispensed with by statute; that therefore the tenancy by courtesy was complete in defendant, and his possession could not be disturbed. Under this charge the jury found for defendant, and judgment having been entered thereon the plaintiff sued out this writ, and assigned for error the instruction to the jury above stated.

*It was argued for plaintiffs in error that this will must be construed under the Act of 1833, and the estate to Eliza Ann as if given to her, her heirs and assigns. That it was a fee simple with an executory devise to the executors, upon the contingency of her dying under 21 years of age, and without issue living at her death. If the devise over had been upon an indefinite failure of issue, the estate might have been converted into an estate tail; but this is, for want of issue living at her death. The fee is cut short, and is not allowed to go to her general heirs, but taken back and given to the executors for the purpose specified in the will.

Although dower and courtesy are cited interchangeably to support each other, they rest on very different principles. Dower is founded on equity, and is often a poor compensation for rights relinquished by marriage; while courtesy is based on the father's liability to support and educate the issue. They are not therefore entitled to the same favour. Where an estate expires, or is spent and determined by its regular and natural limitation, both these estates attach; but where it is disaffirmed or defeated by an express collateral or conditional limitation, or in any other way than by its natural expiration, both cease; the derivative is defeated or cut off by the failure or defeat of the primitive : Park on Dower, c. 8; 10 Rep. 96; Seymour's Case, Cruise Dig. 155, tit. *Dower*, c. 3; H. Co. Litt. 216, n. 119; Sug. on Powers 266; Maundrell *v.* Maundrell, 7 Vesey 567; 10 Vesey 246; Ray *v.* Pung, 5 B. & A. 561; 7 E. C. L. R. 193; 2 Dan. Abr. 665; Sumner *v.* Partridge, 2 Atk. 47; F. N. B. 149; G. Co. Litt. 30; Plowd. 155.

But the Acts of April 8th 1833, and April 11th 1848, have

* The name of plaintiff's counsel does not appear in the paper-book.

[Thornton's Executors v. Krepps.]

changed the relative right of husband and wife; the common law rights of the husband are gone, he has now no courtesy initiate, no indefeasible right of courtesy at the wife's death: Cochren v. O'Hern, 4 W. & S. 95; Stokes v. McKibben, 1 Harris 267; Haines v. Ellis, 12 Harris 253; Cumming's Appeal, 1 Jones 273; Goodyear v. Rambaugh, 1 Harris 480; Gamble's Estate, 1 Parsons 492. In this case there is nothing to distribute, nothing to descend from the wife; but at the moment of her death the devise over took effect, interrupting any descent from her, in the same way as survivorship between joint tenants is prevented.

*J. B. & A. Howell,* with whom was *A. Patterson,* for defendants in error.—Whether the estate of Eliza Ann Thornton was a fee simple or a fee tail, she was seised of such an estate of inheritance as that courtesy attached. Both dower and courtesy are estates in law, and alike entitled to protection; nor is it universally true that a derivative estate always falls with the primitive: Park on Dower, c. 8; Ibid. 11 Law Lib. 183. The cases cited on either side do not sustain their theory, while Buckworth v. Thirkell, cited in 1 Coll. Jur. 332; 3 Bos. & Pul. 652; Butler's note to Co. Litt. 241; Park on Dower 174, is conclusive against them. That case, like the present, points to a definite failure of issue: Price v. Taylor, 4 Casey 96; Moody v. King, 9 E. C. L. R. 475. As to the operation of the Act of 1848, courtesy is expressly reserved by sec. 10. See also Gamble's Estate, 1 Parsons 489, 492. The cases cited by the plaintiff on this point are not applicable.

The opinion of the court was delivered, January 7th 1861, by

LOWRIE, C. J.—The incidents of an estate do not depend upon the intention of the grantor of it; but are engrafted on it by law, and, generally at least, without any regard to the intention of the grantor, and even in disregard of it. Our inquiry, therefore, is not after the intention of the testator relative to the claim of courtesy; but for the character of the estate intended to be granted by him, and whether courtesy is an incident in law to such an estate.

What, then, is the character of this estate as given by the will? It is not an estate tail, because the devise does not propose to limit the descent of it to the issue of the devisee. It is a fee simple subject to an executory devise; that is, a conditional limitation by will, which defeats it and substitutes another estate in its stead, if the devisee should die *both* under age and without issue then living: Smith's Executory Interests, §§ 148–151; 4 Casey 108.

Does the common law give the husband of the devisee courtesy

[Thornton's Executors *v.* Krepps.]

of such an estate after it has been defeated by the happening of the conditions? We think it does.

The case of Buchanan *v.* Shaffer, 2 Yeates 374, decides this on the authority of Buckworth *v.* Thirkell, though possibly the case might have been decided in the same way on other grounds. The principle of this latter case has been very ably attacked and defended in the argument here, and we shall not repeat the discussion. In favour of the principle, we have Kent (4 Com. 32, 8th ed.); Roper (1 Husband and Wife, 38–43), and Preston (3 Abst. of Title 372, 384); and against it, we have Butler (note 170 to Coke on Littleton 241 a); and Park (Dower 163–191). Roper on one side, and Park on the other, go very fully into the discussion of the authorities and the principle. Its supporters go on the substance of the principal estate, and its assailants on the form of its creation; and, owing to the innumerable variety of the forms of expression in which the same substantial estate may be created, we think it much more certain to attach the incidents to its substance than to the form of its creation.

On a subject that involves so many difficult questions, we confine ourselves carefully to the case before us, and say that curtesy attaches to an estate in fee, that is, subject to a conditional limitation on the failure of issue.

The case is not affected by the Married Woman's Act of 1848, for that expressly retains the courtesy estate as it existed before.

Judgment affirmed.