## McCall's Appeal.

M. bequeathed a certain fund to her executors, in trust to pay the income to G. for life, and after his death to pay the income to W. until he attained the age of twenty-five years, and on his arriving at that age to pay to him the principal; but if he should die before he reached that age without wife or issue surviving him, then the principal was to go to the eldest child of P. W. died at the age of thirty-seven, in the lifetime of G.; *Held*, that the legacy vested in W. when he attained the age of twenty-five years, and that the fund was payable to his executor.

February 8th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Trunkey, JJ. Woodward, J., absent.

Appeal from the decree of the Orphans' Court of *Philadelphia county :* Of January Term 1876, No. 103.

This appeal was from the decree of the court confirming the report of the auditor of the account of George Read and Henry McCall, trustees under the will of Margaret A. McCall, deceased. The will of said decedent, which was duly proved in 1860, contained, among others, the following provision :—

" To my executors, and to the survivor of them, I give the sum of two thousand dollars in trust, to invest and keep the same invested, and pay the interest and income thereof to my nephew, George C. McCall, during his life, and after his decease, to pay interest and income thereof to his nephew, William C. McCall, until he arrives at the age of twenty-five years; and on his arriving at twenty-five years of age, to pay over to him the principal sum of two thousand dollars, with any accumulation thereon. But if the said William C. McCall shall die before arriving at twenty-five years of age, without marrying or leaving child or children

[McCall's Appeal.]

him surviving, then I give the said sum of money to the eldest child of my nephew, Peter McCall; and in event of his not having any child then living, I give the same to the children of his late brother, John G. McCall, if more than one, in equal shares. But if the said William C. McCall shall die under the age of twenty-five years, leaving a child or children, I give the said sum of money to his child or children him surviving, in equal shares."

William C. McCall died at the age of thirty-seven years, in April 1868, unmarried and without issue, in the lifetime of George C. McCall, who died five years after, in May 1873.

Before the auditor, the fund in controversy was claimed by Edward Green, executor of the said William C. McCall, deceased, and by Edith McCall, the eldest child of Peter McCall, living at the death of George C. McCall.

The auditor, James V. McDonough, Esq., reported as follows:—

" It is clear that if William C. McCall took a vested estate under the will, then the fund before your auditor should be awarded his executor, and Miss Edith McCall has no interest now in said fund ; neither has she any interest now in said fund, if the bequest to her under the said will was contingent upon William C. McCall dying under the age of twenty-five years.

" The words of the will are, ' But if the said William C. McCall shall die before arriving at twenty-five years of age, &c., then I give the said sum of money to the eldest child of my nephew, Peter McCall." Your auditor finds that the contingency of William C. McCall's dying before arriving at the age of twenty-five is attached to the substance of the gift to Miss Edith McCall, and as that contingency never occurred, no interest in the said legacy ever vested in her : Lamb v. Lamb, 8 Watts 184 ; Donohue v. McNichol, 11 P. F. Smith 73 ; 2 Redfield on Wills 593 ; Seibert's Appeal, 1 Harris 501.

" Passing now to the main question of contention, whether or not the interest of William C. McCall was vested, your auditor finds from said clause that the prevailing idea in the mind of the testator was to provide for George C. McCall, and for William C. McCall and his children, by making a provision for the former during his life, with a remainder after his decease to William C. McCall. The only contingency mentioned by the testatrix, upon the happening of which the said fund was to go to any other person than said William C. McCall or his children, is, ' if he shall die before arriving at twenty-five years of age, without marrying or leaving child or children him surviving ;' and as, in construing this will, we must endeavor to effect the intention of the testatrix, is it not fair to presume that the testatrix intended, if that contingency did not occur, the estate was to vest in William C. McCall? As William C. McCall did not die till after he had arrived at twenty-five years of age, the contingency named by the testatrix can never occur; so

that the estate is vested in William C. McCall, or else as to that the testatrix died intestate.

"It was contended before your auditor that the estate was not vested in William C. McCall—

"1. Because there is no separate and independent gift to him, but an implication arising solely from a direction to pay.

"2. That the direction is to pay the interest and income to him until his arrival at twenty-five years of age, then to pay him the principal.

"3. That the direction is to pay over to himself.

"If we look at the words of the will, we find that the bequest is, 'I give the sum of $2000 in trust, &c., to pay the interest and income to my nephew, George C. McCall, during his life; and after his decease to William C. McCall, until he arrives at the age of twenty-five years, and on his arriving at twenty-five years to pay over to himself the principal sum.' This is not merely a direction to pay—it is a direct gift to trustees upon certain trusts; and the words 'to pay' are the usual words defining the duty of the trustee, and created an estate in George C. McCall for life, and a vested remainder in William C. McCall, subject to be divested upon his death before arriving at the age of twenty-five years. The mere fact that one estate under a will is provided to take effect after the termination of an intervening one, will not have the effect to prevent both estates becoming vested at the moment of the decease of the testator, the one in possession, the other in prospect or remainder: 2 Redfield on Wills 593. In King v. King, 1 W. & S. 205, C. J. Gibson says, on p. 207: 'When the enjoyment of an entire fund is given in fractional parts at successive periods which must eventually arrive, the distinction betwixt time annexed to payment and time annexed to the gift becomes unimportant. In such a case it is well settled that all the interests vest together. Thus a legacy to one for life and to another at his death, goes to the legal representatives of the latter, should he not live to take it himself.' To the same effect is McGill's Appeal, 11 P. F. Smith 46. But Provenchere's Appeal, 17 Id. 463, is in effect our very case. A testator gave a fund in trust to pay the income to his daughter-in-law 'during her widowhood, and after her decease or marriage, to hold the same for the use of my grandchildren, A., L., F., share and share alike, the income to be applied to their maintenance and education, and the capital to be paid to them as they respectively attain the age of twenty-one years.' Two of the said grandchildren having attained their majority, intermarried and died before the death of the daughter-in-law, the first named legatee for life. Held, that the legacies vested in the grandchildren at the death of the testator, and the administrators of the deceased grandchildren were awarded their proportion of the fund at the death of the legatee for life. In this connection it may be well to notice that the

[McCall's Appeal.]

only devises over are, first, if William C. McCall shall die before arriving at twenty-five years of age, without marrying or leaving child or children him surviving, then to the eldest child of Peter McCall, Esq.; and second, 'if William C. McCall shall die under the age of twenty-five years, leaving a child or children, then to said child or children.' These bequests over are by all the authorities conclusive, as to the interest having absolutely vested in William C. McCall, upon his attaining the age of twenty-five years, and only the time of enjoyment being postponed to the death of the legatee for life. Where the devise is to a person when or if he shall live to attain a certain age or at a certain age, this standing alone would be contingent; yet if it be followed by a limitation over if he shall die before a certain age, this is regarded as explanatory of the nature of the estate, which it was intended the devisee should take upon arriving at the age named, i. e., that it should then become absolute and indefeasible. The interest, therefore, in such cases, is held to vest upon the decease of the testator. Where the devise over is made dependent upon the first devisee dying before he comes of age, or without issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donor shall take an immediate vested interest, liable to be defeated by the happening of the contingency named; or if it do not happen, the estate then to become absolute and indefeasible: 2 Redfield on Wills 603. ' The devise of the legal estate vesting the inheritance in trustees, who are required to convey the estate according to the directions of the will, can make no possible difference from one where the interest is provided to take effect directly, without the intervention of trustees.' Id. 604. ' The fact that the testator makes no provision in regard to the disposition of the estate, provided the event named for the devisee coming into full possession never occurs, shows very satisfactorily that it was not in the mind of the testator to create a contingent estate, since the very fact of doing so would suggest the propriety of some provision for the disposition of the estate, in the event of that contingency not happening, as no one making a will would purposely leave property undisposed of.' Id. 606 and 607. This same doctrine is the basis of the decision in Mutter's Estate, 2 Wright 314, and in Burd v. Burd, 4 Id. 182. In the latter case Lowrie, C. J., p. 185, says: ' The relevant clauses are very evidently intended to effect an entire disposition of the residue of his personal estate, and yet he leaves a part of it undisposed of, if this legacy was not from the first vested. This is a very influential consideration.'

"The recently published case of McClure's Appeal, 22 P. F. Smith 414, leaves us without any doubt that this legacy should be considered vested. That was a devise to the testator's wife for her life, of his real estate, and ' At my wife's decease, my real estate to be sold and equally divided amongst my nephews and nieces,'

5 Norris—17

naming them.    One of the nieces married and died intestate without issue, leaving surviving her her husband, anterior to the decease of the testator's widow.    It was held the real estate was converted by the will to personalty, the interests of the nephews and nieces vested at the decease of the testator, and that the husband of the deceased niece was entitled to her share.    WILLIAMS, J., in delivering the opinion of the court, says, on page 418, 'When the fund, which is the subject of the legacy, is given to another person beneficially for life, or until the legatee arrives at a particular age, or until certain debts are paid, the legatee will take an immediate vested interest in the subject, since such bequests are in the nature of remainders ;  the rule as to which is, that the interests of the first and subsequent takers vest together.    Though there be no other gift than in the direction to pay or distribute *in futuro*, yet if such gift or distribution appears to be postponed for the convenience of the fund or property, or where the gift is only postponed to let in some other interest, the vesting will not be deferred 'till the period in question.'    See, also, Biddle's Appeal, 19 P. F. Smith 190 ;  Stehman's Appeal, 9 Wright 398 ;  McGill's Appeal, 11 P. F. Smith 46.    As to the second objection, ' that the direction is to pay the interest and income to William C. McCall, until his arrival at twenty-five years of age, then to pay him the principal,' it need only be said that this evidences an intention in the testatrix to provide for the maintenance of William C. McCall, and in the words of Roberts's Appeal, 9 P. F. Smith 72, "is an indication of an intent to make him the beneficiary of the *corpus* of the legacy.' And since he did attain twenty-five years, the estate became absolutely vested, abundantly appears by the authorities previously cited, to which may be added Schriver *v.* Corbeau, 4 Watts 130.

    " As to the third objection, ' That the direction is to pay over to himself.'    The absolute estate in personal property will always vest by a gift to a person without using the words heirs, executors or assigns.    In the case of King *v.* King, 1 W. & S. 205, it is true the words ' or their heirs' were used ;  but it is clear, from a careful perusal of the decision, as Judge SHARSWOOD says in Provenchere's Appeal, that the decision was made irrespective of those words, and their only effect was to rather embarrass.    The doctrine announced is, p. 207 : ' A legacy to one for life and to another at his death, goes to the legal representatives of the latter, should he not live to take it himself.'    The same objection made here was also made in Provenchere's Appeal, 17 P. F. Smith 463, but the fund was awarded to the administrator of the beneficiary, SHARSWOOD, J., in his opinion, disposing of it, on p. 469.    The same objection could have been made in McClure's Appeal, 22 P. F. Smith 414, as the interests were given merely to the beneficiaries by name, and was necessarily passed upon, as the husband of a deceased beneficiary was awarded her proportion of the fund.

"Your auditor therefore finds that the interest of William Mc-Call was vested in him at the time of his decease, and awards the principal fund, together with the interest thereon since the date of the death of George C. McCall, after the accountant's commissions are deducted and the expenses of the audit, to Edward Green, executor of William C. McCall, deceased."

Edith McCall filed exceptions to this report, which the court dismissed, and confirmed the report, from which decree she took this appeal.

*John Cadwalader, Jr.*, for appellant.—A legacy is contingent when there is no express gift of it previously to the time appointed for its payment: Roper on Leg. 566; Batsford *v.* Kebbell, 3 Ves. 363; Moore *v.* Smith, 9 Watts 403; Cooper *v.* Scott, 12 P. F. Smith 139.   The exception to this rule that when the intermediate interest is given to another for life, the person to whom the absolute property is limited will take an immediate vested interest, on the ground that legacies in remainder vest at the same time as the particular estates previously given, does not apply, however, where the interest or dividends only of the property is bequeathed for life, and the context of the will shows that no interest in the principal was intended to pass until after the determination of the life estate: Roper on Leg. 589; Williams on Ex'rs 778; Billingsley *v.* Wills, 3 Atk. 219; Pope *v.* Whitcombe, 3 Russ. 124; King *v.* King, 1 W. & S. 207.

Under this will Miss McCall, the testatrix, directed the payment of the interest and income only of the fund to George C. McCall for life, and made no disposition of the capital until "after his decease."

The uncertainty as to the ultimate objects of the testator's bounty has always been considered as strongly indicative of an intention that the limitations over were contingent.

In these cases, which it is contended rule this one, the ultimate objects are all certain.

If we look at the whole will the intention was to provide against the legacy passing in any event to one not of her name and blood, and that the respective persons to be benefited should be living at the time designated for the payment of the capital; namely, after the decease of George C. McCall.

It is not consistent to suppose that the testatrix desired to give a vested interest to William C. McCall, whether he survived the period at which it was payable or not, when she was unwilling to give such an interest to his children, or to the oldest child of Peter Mc-Call, or to the children of John G. McCall; in all of which latter cases the objects were left uncertain until the time of payment arrived, and this, as has been shown, rendered their interests contingent upon their surviving that period.

[McCall's Appeal.]

The courts have always disregarded strict rules of construction where the clear intention of a testator could be ascertained independently of them.

*W. Wynne Wister, Jr.* and *Cadwalader Biddle*, for appellees. —Whatever principle may be deduced from the English cases relied on by the appellant, it is clear there were particular circumstances in each which exercised a controlling influence upon the decisions. But under these very cases it is clearly laid down, that the mere bequest of the interest of a fund to the legatee for life, will not prevent the vesting of the legacy in remainder, unless there is also a clear controlling intent to that effect, to be gathered from the context of the will: Roper on Leg. 589. There is not the slightest intimation that the testatrix intended the death of the tenant-for-life, to be the period for determining survivorship. But if there could be any doubt arising under the English authorities, the cases in Pennsylvania must be held decisive of the present controversy: Provenchere's Appeal, 17 P. F. Smith 466; McClure's Appeal, 22 Id. 417.

The judgment of the Supreme Court was entered, February 18th 1878,

PER CURIAM.—We think the legacy vested in William C. McCall, for the reasons so well set forth by the auditor.

Decree affirmed, with costs, to be paid by the appellant, and her appeal dismissed.