## Safe Deposit and Trust Company of Pittsburg *v.* Wood, Appellant (No. 1).

*Will— Vested and contingent estates—Legacy.*

When a legacy is given by a direction to pay when the legatee or legatees attain a certain age, the direction to pay may import either a gift at the specified age or a present gift with a postponed payment; and if the interest is given in the mean time, it shows that a present gift was intended. It is immaterial that the interest may open and let in after born children, or that the present right to the future possession may be defeated by some future event.

The question of vested or contingent is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment; for that would make the character of the estate depend, not upon the terms of its creation, but on the form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well as with, which are yet defeasible. If there is a present right to a future possession though that right may be defeated by some future event contingent or certain, there is nevertheless a vested estate.

Testatrix directed that her real and personal property should be appraised, and that her executors should divide her real estate into six equal parts, and that the appraisement and distribution of her property should be recorded on the records of the orphans' court, and should expressly designate by name the several parties entitled to take it. As to one of the shares she directed that it should be held in trust by her son to pay one third of the net income to his present or any future wife. "And out of the other two thirds part of said net income he shall apply so much as may be necessary for the suitable maintenance, education and support of

his child or children which he now has, or may hereafter have. And the surplus, if any, of said two-thirds part of said net income he shall invest in the same trust for the use and benefit of his said child or children." She further directed that the trust should continue during the life of the son, and if he died after all his children arrived at the age of twenty-one years, the trust should cease, and the principal should be paid, one third to his wife, and two thirds equally among his children. She further directed that if the son's wife and all his children and the issue of children should die in the son's lifetime, the trust should continue for the benefit of testatrix's children. The son survived his mother and died leaving to survive him a widow, a son and a daughter. The son subsequently died intestate leaving no children, but a widow. *Held,* that the grandson of the testatrix took a vested interest under his grandmother's will, and that his widow was entitled to a life interest in one half of her husband's share.

Argued Nov. 7, 1901. Appeal, No. 150, Oct. T., 1901, by Nellie W. Wood, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 398, on bill in equity in case of the Safe Deposit and Trust Company of Pittsburg, trustee under the will of Hannah Wood, deceased, for Emma H. Reath; the Safe Deposit and Trust Company of Pittsburg, trustee, under the will of Hannah Wood, deceased, for Elizabeth R. Sterling and Elizabeth R. Sterling and Emma H. Reath v. Annie M. Wood, widow of James T. Wood, deceased, and Anna T. Wood, sole surviving child of said James T. Wood, deceased; Thomas S. B. Wood, James Emile Wood, Alice W. Metcalf, intermarried with Charles Metcalf, children of Charles A. Wood, deceased; and James W. Friend and Harry T. Friend, executors and residuary devisees under the alleged will of said Rebecca Jane Friend, deceased; and also James W. Friend and Harry T. Friend, Mary Maxwell, Hannah Maxwell, Marjorie Maxwell, Porter C. Friend and Fidelity Title and Trust Company, trustee under the alleged will of Rebecca Jane Friend; and Nellie Wood, widow of James Wood, deceased. Before McCollum, C. J., Mitchell, Dean, Fell, and Brown, JJ. Reversed.

Bill in equity for partition.

From the record it appeard that the bill was filed for the partition of a lot of ground known as 411 Penn avenue in the fourth ward of the city of Pittsburg, being land which had passed under the will of Hannah Wood to her son, James T. Wood, in trust. The material portions of the will of Hannah

Wood are quoted in the opinion of the Supreme Court. James T. Wood died in 1896, leaving to survive him a widow, Annie M. Wood, and two children, Anna T. Wood, who became of age September 26, 1900, and James Wood, who died on October 2, 1896, intestate, leaving no children, but a widow, Nellie W. Wood, the appellant. James Wood was of full age when he died. Nellie W. Wood claimed that James Wood, her husband, had a vested interest under his grandmother's will, and that she was therefore entitled to her statutory dower therein.

The court in an opinion by EVANS, J., relying on Cascaden's Estate, 153 Pa. 170, excluded Nellie W. Wood from participation in the partition.

*Error assigned* was in dismissing appellant's exceptions, and in holding that the estate created by the said will of Hannah Wood, deceased, for the children of James T. Wood, did not vest in the said children of James T. Wood until all of said children arrived at the age of twenty-one years, and that consequently the widow of James Wood, who died before his sister arrived at the age of twenty-one years, did not have dower therein.

*D. T. Watson*, with him *Johns McCleave* and *John M. Freeman*, for appellant.—The first two paragraphs of section 3 of the will contain an unqualified bequest to the trustee of the corpus of the estate for the benefit of himself, his wife and his children ; and what follows merely relates to the continuance and termination or the trust and the dividing of the fund. The nature of the estate given by the first two paragraphs is in no way changed.

It will be noticed particularly that there is here no intermediate estate nor does the enjoyment of the estate depend upon the happening of any contingency, but the beneficiaries in esse at the death of the testatrix at once took the beneficial interest in the estate by way of maintenance, support and education.

On the death of the testatrix, the beneficiaries eo instante took the use of the income with a present right of enjoyment of the corpus in future. No contingency stood between the children of James T. Wood and the right to enjoy the corpus

in the future, and this is the test of a vested or contingent estate : Carstensen's Est., 196 Pa. 329 ; Manderson v. Lukens, 23 Pa. 32 ; McClure's App., 72 Pa. 415.

It is an unquestioned rule of construction that if there is no condition precedent, and the beneficiaries are in esse, that the estate will vest on the death of the testator, and nowhere in this section, or elsewhere in the will, is there found a condition precedent to the vesting : Letchworth's App., 30 Pa. 179.

The following authorities fully illustrate the foregoing principles and show conclusively that James Wood took an absolute vested estate on the death of the testatrix transmissible to his heirs, and in which his widow has dower right: Crawford v. Ford, 7 W. N. C. 532 ; Womrath v. McCormick, 51 Pa. 504; Carstensen's Est., 196 Pa. 325; Letchworth's App., 30 Pa. 175 ; McClure's App., 72 Pa. 414.

The estate having vested under the first two paragraphs there is nothing in what follows to divest it : Carstensen's Est., 196 Pa. 330.

A vested estate will not be divested by a condition subsequent, if there is the least doubt as to the testator's intention. An estate, if at all possible, will be construed as absolute rather than defeasible, and as vested rather than contingent, and wherever there is doubt, will always be construed as vested and absolute: Manderson v. Lukens, 23 Pa. 34 ; McClure's App., 72 Pa. 415 ; Letchworth's App., 30 Pa. 175 ; Womrath v. McCormick, 51 Pa. 504; Passmore's App., 23 Pa. 381 ; Rewalt v. Ulrich, 23 Pa. 388.

The widow is entitled to dower, whether the estate of her husband be considered an absolute vested estate, or whether it be considered merely a vested estate defeasible by a condition subsequent: Evans v. Evans, 9 Pa. 190 ; Thornton v. Krepps, 37 Pa. 391; Buchannan v. Sheffer, 2 Yeates, 374 ; Lovett v. Lovett, 10 Phila. 537 ; McMasters v. Negley, 152 Pa. 312; Hatfield v. Sneden, 54 N. Y. 280 ; Hay v. Mayer, 8 Watts, 203 ; Jones v. Hughes, 27 Gratt. (Va.) 560 ; Milledge v. Lamar, 4 Desaus. (S. C.) 617.

The right of dower is highly favored by the courts : Thompson v. Morrow, 5 S. & R. 289.

The interest of Nellie Walton Wood is one half : Smith's App., 23 Pa. 9 ; Guthrie's App., 37 Pa. 9.

Cascaden's Est., 153 Pa. 170, relied upon by the court below, does not rule this case. The language used in the bequest is decidedly different from the case at bar, and it can easily be distinguished in many other respects.

*C. C. Dickey*, with him *George Shiras, 3d,* and *W. K. Shiras,* for appellee.—The legacy was contingent: Moore v. Smith, 9 Watts, 403; McClure's App., 72 Pa. 414; List v. Rodney, 83 Pa. 483; Coggins's App., 124 Pa. 10; Craige's App., 126 Pa. 223; Mergenthaler's App., 15 W. N. C. 441; Cascaden's Est., 153 Pa. 170; Reed's App., 118 Pa. 215; Bull v. Pritchard, 5 Hare, 567; Holmes v. Prescott, 33 L. J. Ch. 264; McMasters v. Negley, 152 Pa. 302.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

The husband of the appellant was a son of James T. Wood, who was a son of Hannah Wood, and the question raised on this appeal is as to the interest of the grandson in his grandmother's estate. It passed to him under the third clause of her will, and the appellant, his widow, insists that it vested at the death of the testatrix, and that she is entitled to her dower in it. The court below was of the opinion that the interest of the husband had not vested and denied her claim for dower. The clause to be construed is as follows :

" Third, I do hereby devise and bequeath to my son James T. Wood one of said equal sixth parts of my estate to be designated and set apart as aforesaid to be held by him and his successor or successors in trust for the following uses and purposes, viz :

" That he, the said trustee shall collect and receive the rents, issues, increase and profits of said sixth part and after retaining therefrom as compensation for his services as such trustee such sum as shall be sufficient for his comfortable maintenance and support and after paying therefrom such other expenses as shall be incident to said trust he shall divide the residue or net income into three equal parts, one of which he shall pay over into the hands of his present or any future wife he may have for her sole and separate use. And out of the other two thirds parts of said net income he shall apply so much as may be necessary for the suitable maintenance, education and support

of his child or children which he now has or may hereafter have. And the surplus, if any, of said two third parts of said net income he shall invest in the same trust for the use and benefit of his said child or children.

" And I hereby direct that said trust shall continue during the term of the natural life of my said son James T. Wood, and in case of his death after his said child or children shall all have arrived at the age of 21 years the said trust shall cease and determine, and the said trust estate held by him shall be divided as follows : viz: One third part thereof to his wife, if he leave a wife surviving him, and the other two third parts to his child, if there be but one, and if he shall leave more than one child then the said two third parts shall be equally divided among his children and the issue of any of said children who may then be deceased, the issue of a deceased child taking the same share as the parent would have done if living, and if my said son James T. Wood shall not leave a wife surviving him then the whole of said trust estate shall go to and vest in his child or children and their issue in the same manner as hereinbefore directed with regard to the said two third parts given to his child or children and their issue in case of his death leaving a wife surviving him.

" And if in the lifetime of my said son James T. Wood, his wife and all his children and the issue of children should die, then my said son as such trustee shall hold and manage said trust estate for the use and benefit of my children who may be living and the issue of such of them as are or may be deceased. And at the determination of said trust by the death of my son James T. Wood, the said trust estate shall go to and vest in my other children who may then be living, and the issue of such of them as now are or may then be deceased, the issue of each of my deceased children taking the same share as the parent would have done if living.

" And I further direct that in case my said son James T. Wood shall die leaving a wife and child or children surviving him, and all of said children shall not then have arrived at the age of twenty-one years, that my son-in-law Benjamin B. Reath shall be his successor in said trust until all of my said sons' children shall have arrived at the age of twenty-one years, at which time the said trust estate shall be divided in the man-

ner hereinbefore directed in case of the death of my said son James T. Wood after his child or children shall all have arrived at the age of 21 years."

Under the power contained in the will, the trustees, in 1890, made allotments of the real estate of the decedent, and that portion of it of which partition is sought was so allotted that an undivided one fifth of it, instead of one sixth, was thereafter held in trust for the wife and children of James T. Wood. The testatrix died in January, 1880, and her will was duly admitted to probate. James T. Wood, the son, died on or about May 27, 1896, leaving to survive him a widow, Annie M. Wood, a son, James Wood, the husband of the appellant, and a daughter Anna T. Wood, who was twenty-one years of age September 26, 1900. James Wood died on October 2, 1896, at the age of twenty-one years intestate, leaving no children, but a widow Nellie W. Wood, the appellant.

After provision for compensation to the trustee for his services, to be paid out of the income, two thirds of the net balance were to go at once to his children: such portion of it as might be needed for their maintenance, education and support was to be immediately expended, and whatever might not be so required was to be invested for their use and benefit. Although the trust was to continue until the death of James T. Wood and his youngest child should reach the age of twenty-one, ultimately, at the determination of the trust, the beneficiaries were to get the corpus itself. The wife and children of James T. Wood were in esse when the testatrix died, and their enjoyment of the income of the estate given and devised to them began at once. The provision for such enjoyment indicates the intention of the testatrix that what she gave her grandchildren should vest immediately: " While it is true as a general rule, as before observed, that where the time or other condition is annexed to the substance of the gift and not merely to the payment, the legacy is contingent, yet it is equally true that a well recognized exception to the rule is, that when interest, whether by way of maintenance or otherwise, is given to the legatee in the mean time, the legacy shall, notwithstanding the gift appears to be postponed, vest immediately on the death of the testator. This circumstance indicates an intention that the beneficial enjoyment shall begin at once, and payment

only of the principal or capital be postponed.   When a legacy
is given by a direction to pay when the legatee attains a cer-
tain age, the direction to pay may import either a gift at the
specified age or a present gift with a postponed payment; and
if the interest is given in the mean time, it shows that a present
gift was intended: Provenchere's App., 67 Pa. 463; In re-
Hart's Trusts, 3 DeG. & J. 195;" Reed's App., 118 Pa. 215.
It is true the two-thirds interests vested subject to the con-
dition that it might open and let in after born children, but
such opening and letting in though diminishing would not
divest the interest.   It is also true that the present right to the
future of the whole interest might have been defeated by some
future event, the death of the wife of James T. Wood and all
of his children and their issue in his lifetime, but it was none
the less a vested estate : " The question of vested or contingent
is not to be tested by the certainty or uncertainty of obtaining
the actual enjoyment; for that would make the character of
the estate depend, not upon the terms of its creation, but on
the form of the result.   Neither does it depend upon the de-
feasibility or indefeasibility of the right of possession; for
many estates are vested without possession, as well as with,
which are yet defeasible.   If there is a present right to a future
possession though that right may be defeated by some future
event, contingent or certain, there is nevertheless a vested es-
tate :" Manderson v. Lukens, 23 Pa. 31.   Carstensen's Est.,
196 Pa. 325, is in harmony with this.

In construing this will, the intention of the testatrix can be
fairly gathered from the second clause, that what she gave her
beneficiaries should vest in them at her death.   She there di-
rected that, as soon as practicable after her decease, an inventory
and just valuation and appraisement should be made of all her
property, real and personal; that her executors should immedi-
ately proceed to divide the real estate into six equal shares or
purparts ; according to the valuation made by them, and that
" such valuation and appraisement and distribution of my prop-
erty and estate shall be in writing, and signed and acknowledged
by the appraisers hereby appointed for that purpose, and shall
be recorded at length on the records of the orphans' court of
Allegheny county, and shall expressly designate by name the
several parties entitled under the provisions of this my will as

devisees or cestui que trusts to each particular share or purpart of my said estate according to the disposition thereof hereinafter made." The testatrix wanted it to be known, as soon as practicable after her death, from the records of the court, not only who would take under her will, but what each would take. They were to be designated by name as the parties entitled then, when the record was made, to what she had left them. The present right to the corpus, to be enjoyed in the future, was to be set forth, and those who were to enjoy it were to be specifically named. The expressed intention seems to be that the estates given should vest, not years after her death, but as soon as she died. They were not only to vest, but it was to be definitely ascertained and known who took and just what each was to get.

The interest of James Wood having been at the time of his death a vested one in the property which is the subject of this proceeding in partition, his widow, the appellant, is entitled for and during her life to the one half part of it. This right is plain, and no discussion is needed in support of it. The numerous authorities cited need not be considered, and in passing we refer only to Evans v. Evans, 9 Pa. 190, and Thornton's Exr. v. Krepps, 37 Pa. 391.

The decree of the court below, excluding the appellant from her statutory interest in the real estate of her husband is reversed, and the record is remitted, that partition may be made in accordance with this opinion, the cost of this appeal to be taxed and allowed as part of the costs in the partition proceeding.