LAND TITLE & TRUST CO. v. McCOACH, Collector.

(Circuit Court, E. D. Pennsylvania. January 20, 1904.)

No. 52.

1. INTERNAL REVENUE—LEGACY TAXES—VESTED REMAINDER.

A testator who died in March, 1902, by his will bequeathed his residuary estate in trust, the income to be paid to his wife during her life, and after her death to be divided between his children then living; the children of any deceased child to take in place of their parent. *Held,* that all children, and the heirs of any deceased, took a vested interest on the testator's death, which became subject to the legacy tax imposed by section 29 of the war revenue act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307]).

Action to recover legacy taxes paid to defendant as collector of internal revenue. On demurrer to plaintiff's statement of claim.

John G. Johnson, for plaintiff.

J. Whitaker Thompson and James B. Holland, for defendant.

J. B. McPHERSON, District Judge. The plaintiff is executor of the estate of George M. Troutman, who died March 5, 1901, leaving a wife and lineal descendants to survive him. The relevant provisions of his last will, together with the other facts necessary to be known in order to understand the present controversy, will appear in the following paragraphs from the plaintiff's statement:

"By said will, a copy of which is hereto annexed and made a part of this statement, after sundry specific bequests, he provided, inter alia, as follows:

"'Thirteenth. All the, rest residue reversion and remainder of my estate, real and personal, whatsoever and wheresoever and of which I may die seised possessed or in any way entitled to, I give, devise and bequeath unto my executors, hereinafter named, their heirs executors, administrators, successors and assigns forever, in trust nevertheless to collect and receive the rents, interest, income, dividends and profits thereof and after first deducting all expenses attendant upon the execution of the trust to pay the same unto my said beloved wife Maria E. Troutman for and during the full end and term of her natural life in at least quarter yearly payments.

"'And from and immediately after the decease of my said wife, then in trust to divide the said rest residue and remainder of my estate into as many equal parts and shares as there shall be children of mine then living and lawful issue of deceased children, such issue taking such share only as their parent would have taken if living.

"'And the shares happening to my children in such division to continue to hold in trust to collect and receive the interest, rents and income thereof and pay over the same unto my said children during the terms of their respective natural lives for their respective use, benefit and behoof and so that the same shall not be liable for their debts, contracts or engagements by assignment, anticipation or otherwise and so also that the shares of my daughters shall not be subject to the control or interference of, or liable for the debts, contracts or engagements of any husband they may have or take. And the shares so happening to my said children from and immediately after their respective deaths to hold in trust for all their children then living and the lawful issue of such of them as may then be deceased, their heirs, executors, administrators and assigns forever, in equal parts and shares, so nevertheless that such issue take and receive such part and share only as his her or their deceased parent would have taken and received if then living, for the purposes hereinafter set forth, that is to say, as to the shares of the issue born before my decease of any of my children, to hold the same in trust for such issue during their re-

spective natural lives upon the same trusts as hereinbefore set forth with respect to the shares of my children during their lives and after the decease of such issue respectively, then in trust to grant, convey, assign and pay the said shares respectively unto all their respective lawful issue in equal parts and shares, absolutely and in fee, such issue taking by representation and not per capita. And as to the shares of the issue born after my decease, of any of my children, to grant, convey, assign and pay the same unto such issue, their heirs, executors, administrators and assigns forever.

" 'And as to the shares happening in the division of my residuary estate after the decease of my wife unto grandchildren or remoter descendants of mine to hold in trust for the following purposes, that is to say, the shares happening to grandchildren or remoter descendants born before my decease to hold upon the same trusts above set forth with respect to the shares of the issue born before my decease, of any of my children taking in the division aforesaid and the shares happening to grandchildren or remoter descendants born after my decease to hold upon the same trusts above set forth with respect to the shares of the issue born after my decease of any of my children taking in the division aforesaid.'

"By said provision of said will the said George M. Troutman gave the entire net income of his residuary estate to his wife for life, and provided for the division of such income after her death among his descendants living at the time of her death. The interest of his said descendants in said residuary estate was therefore necessarily not vested, but wholly contingent upon their surviving his said wife. Said wife is still living, and said interests have therefore not yet vested.

"By the act of Congress approved the 22d day of June, 1902, entitled 'An act to provide for refunding taxes paid upon legacies and bequests for uses of a religious, charitable, or educational character, for the encouragement of art,' etc., 'under the Act of June 13th, 1898, and for other purposes' (United States Statutes at Large, 57 Congress, page 406), it was, inter alia, provided as follows:

" 'And no tax shall hereafter be assessed or imposed under said Act approved June 13th, 1898, upon or in respect of any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July 1st, 1902.'

"On December 8, 1902, the defendant, claiming to act under and by virtue of the provisions of the act of Congress approved June 13, 1898, entitled 'An act to provide ways and means to meet war expenditures and for other purposes' (United States Statutes at Large, 55th Congress, vol. XXX, page 448, etc.), and of other Acts of Congress, assessed upon the plaintiff, as trustee as aforesaid, an internal revenue tax of $12,861.04, as the tax payable to the United States upon said estate under said act. In making up said assessment the defendant undertook to value and assess for taxation the interests of the descendants of the said George M. Troutman in his residuary estate after the death of his wife, and included the amounts so ascertained in said assessment. Plaintiff admitted that there was due upon sundry specific bequests under the will of the said George M. Troutman internal revenue tax upon said estate aggregating $1,421.51, and paid said amount to defendant on January 5, 1903. Defendant declined to accept said payment as in full for the internal revenue tax due upon said estate under said act, and demanded from plaintiff the additional sum of $11,439.53. Plaintiff declined to pay said sum. Thereupon defendant assessed a penalty of five per cent. for nonpayment of said sum within ten days, making the total assessment $12,011.51, for which sum, on the 27th day of April, 1903, defendant levied a distress upon plaintiff. Plaintiff thereupon paid said sum under protest, and filed with the defendant its appeal, and its claim as for taxes improperly paid, as required by the acts of Congress in such case made and provided, claiming that said interests of the descendants of the said George M. Troutman were, by virtue of the act of Congress approved June 27, 1902, above set forth, exempt from liability for taxation, inasmuch as they did not become absolutely vested in said descendants, in possession or enjoyment, prior to July 1, 1902.

"The said defendant, however, under the direction of the collector of internal revenue of the United States of America, has refused to allow the ap-

peal which has thus been made, and has refused, and still refuses, to pay over to the plaintiff the said sum of $12,011.51, or any part thereof."

To this statement the defendant has demurred, and the sole question for consideration is whether the beneficial interest given by the will to the testator's descendants is vested or contingent. If vested, the interest is taxed by section 29 of the war revenue act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307]), for the repeal of that section by the act of April 12, 1902, c. 500, 32 Stat. 96 [U. S. Comp. St. Supp. 1903, p. 276], did not take effect until July 1, 1902, and no tax imposed before that date is affected by the repeal. The act of June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, p. 281], upon whose third section the plaintiff's claim to recover is based, does not relate to vested interests at all, but deals entirely with those that are contingent. The first sentence of the section authorizes the Secretary of the Treasury to repay any tax that "may have been collected on contingent beneficial interests which shall not have become vested prior to July 1, 1902"; and the second sentence of the section forbids any tax to be thereafter assessed "upon or in respect of any contingent.beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July 1, 1902." If, therefore, the interest in question is vested, it became vested on March 5, 1901, and was immediately impressed with liability for the tax. If it was contingent then, it is still contingent, for the widow of the testator is living, and his descendants have neither the possession nor the enjoyment of the interests given to them by his will.

The plaintiff contends that the question should be determined in accordance with the decisions of the Supreme Court of Pennsylvania, and relies upon two recent cases as conclusive in its favor. Whether the decisions of the state are to be followed, however, depends upon the further consideration whether they disclose a settled construction of such language as is used in George Troutman's will, so that a rule of property would be affected by a different construction. Barber v. Railway, 166 U. S. 83, 17 Sup. Ct. 488, 41 L. Ed. 925. An examination of the cases will show clearly, I think, that it is impossible to reconcile the Pennsylvania decisions on the subject now under consideration, and that even the most recent cases do not agree, but are divided between two opposing tendencies. To go no further back than Manderson v. Lukens (1814) 23 Pa. 31, 62 Am. Dec. 312, it was there decided that a devise to the testator's widow during life or widowhood, which then provided that whenever her death or marriage should take place the land should be equally divided among the testator's children who might then be alive, or might have left legitimate heirs, gave to the children a vested remainder in fee. The court declared that:

"The question of vested or contingent is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment, for this would make the character of the estate depend, not upon the terms of its creation, but on the form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well as with, which are yet defeasible. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. An unpossessed estate is

vested if it is certain to take effect in possession by enduring longer than the precedent estate."

In Womrath v. McCormick (1866) 51 Pa. 504, Manderson v. Lukens was expressly followed, and it was decided that where a testator gave to his wife the net income of his estate during life, and directed that at her death the estate should be divided into as many parts as he should then have children living, the issue of any deceased child to represent their parents, and giving to each of his children and the issue of a deceased child one of such shares, vested remainders were given to the children, although the enjoyment was to be in futuro. Manderson v. Lukens was also cited with approval in Ritter's Estate (1899) 190 Pa. 102, 42 Atl. 384; in Carstensen's Estate (1900) 196 Pa. 328, 46 Atl. 495; and in Safe Deposit Co. v. Wood (1902) 201 Pa. 427, 5 Atl. 920.

Upon the other hand, McBride v. Smyth (1867) 54 Pa. 245, decided that where a will gave the residue of the estate to trustees until the youngest child of the testator should attain the age of 21 years, and then gave it to such of his children as might then be living and their heirs, a child who died before the date thus fixed took nothing under the devise. It was distinctly held that no vested interest was thereby given; that the devises were contingent, and became vested, when the youngest child was 21, in such children as were then alive. It was not a mere postponement of the time of enjoyment, but was the selection of individuals from a class—a description of persons, and not a regulation of the interest given. Buzby's Appeal (1869) 61 Pa. 111, construed a devise to a son for life, "and from and immediately after his decease, then for the use and behoof of all and every child of said son that shall then be living," etc., and decided that the remainder to the children was contingent, although the well-settled rule was expressly recognized that a remainder is to be regarded as vested, rather than contingent, if such construction is possible. In Delbert's Appeal (1877) 83 Pa. 462, where the devise was to each of the testator's daughters for her life, and after her decease to all of her children then living, and to the issue of such of them as might be dead, in equal parts, the court held that the gift to the daughters was for life, with a contingent remainder in fee to such children as might be living at the time of her death, and to the issue of such as might then be deceased. So, also, in List v. Rodney (1877) 83 Pa. 483, a remainder was held to be contingent which was given in the following language:

"In item 2 of my will, the devise to my daughter S. and to her children is intended and shall give to her children living at her death, and to the lawful issue of any of them if dead, in right of such one deceased, and to their heirs forever, the real estate so devised," etc.

In Rudy's Estate (1898) 185 Pa. 359, 39 Atl. 968, 64 Am. St. Rep. 654, Judge Ashman, of the orphans' court of Philadelphia county, whose opinion was adopted by the Supreme Court, points out the impossibility of harmonizing the Pennsylvania cases on this subject, and followed the line now being referred to in the construction of the will then before the court. Finally, in Raleigh's Estate (1903) 206 Pa. 451, 55 Atl. 1119, it was decided that, where persons who are to take under

a will must be living at a certain time, the gift is contingent, because until the time arrives the persons who will answer to the description cannot be ascertained. It was accordingly held that where certain bequests of income were made to the testator's widow and to his children, and it was then provided that upon the death of the widow "my executors shall divide my entire estate into as many equal portions as I shall have children living, or that should be represented by lawful heirs," etc., the interest thereby given to the children was contingent. There are other cases on each side of the question, but the foregoing examples, whose dates are significant as showing the opposing views not only at long intervals of time, but in some cases in nearly the same year, will be sufficient to exhibit the uncertainty that has prevailed in this region.

Now, while it may be possible to distinguish some of these cases by subtlety of reasoning, or even to reconcile others, I think it is safe to say that the impression produced on my own mind is not unlike the impression that other minds would feel after a study of the Pennsylvania authorities on this subject. To me, the cases taken together are bewildering, and I could do no more than select the group that I thought to be best fortified by reason, and discard the other group entirely. In this condition of the state law, I feel justified in turning to the federal decisions. Here I think there is a well settled rule to be found in the decisions of the Supreme Court. In Croxall v. Sherrerd, 5 Wall., on page 287, 18 L. Ed. 572, the general principles that govern the court in the construction of wills by which remainders are given are laid down:

"The struggle with the courts has always been for that construction which gives to the remainder a vested, rather than a contingent, character. A remainder is never held to be contingent when, consistently with the intention, it can be held to be vested. If an estate be granted for life to one person, and any number of remainders for life to others in succession, and finally a remainder in fee simple or fee tail, each of the grantees of a remainder for life takes at once a vested estate, although there be no probability, and scarcely a possibility, that it will ever, as to most of them, vest in possession.

"Chancellor Kent says the definition of a vested remainder is thus fully and accurately expressed in the Revised Statutes of New York. It is, 'When there is a person in being, who would have an immediate right to the possession of the lands upon the ceasing of the intermediate precedent estate.'

"It is the present capacity to take effect in possession, if the precedent estate should determine, which distinguishes a vested from a contingent remainder. Where an estate is granted to one for life, and to such of his children as should be living after his death, a present right to the future possession vests at once in such as are living, subject to open and let in after-born children, and to be divested as to those who shall die without issue. A remainder, limited upon an estate tail, is held to be vested, though it be uncertain whether it will ever take effect in possession. A vested remainder is an estate recognized in law, and it is grantable by any of the conveyances operating by force of the statute of uses."

In Doe v. Considine, 6 Wall. 474, 18 L. Ed. 869, this is said, inter alia, upon the same subject:

"A vested remainder is where a present interest passes to a certain and definite person, but to be enjoyed in futuro. * * * It is a rule of law that estates shall be held to vest at the earliest possible period, unless there be a clear manifestation of the intention of the testator to the contrary. * * *

Where there is a devise to a class of persons to take effect in enjoyment at a future period, the estate vests in the persons as they come in esse, subject to open and let in others as they are born afterwards."

The following passage from the opinion of the Supreme Court of Massachusetts in Blanchard v. Blanchard, 1 Allen, 227, is quoted with approval on page 476, 6 Wall., 18 L. Ed. 869:

"Where a remainder is limited to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is in esse and ascertained, provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession; yet, if the estate is limited over to another in the event of the death of the remainderman before the determination of the particular estate, his vested estate will be subject to be divested by that event, and the interest of the substituted remainderman, which was before either an executory devise or a contingent remainder, will, if he is in esse and ascertained, be immediately converted into a vested remainder."

Chancellor Kent's language in the fourth volume of his Commentaries, at page 282, is also adopted as a correct declaration of the law:

"It is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders a remainder contingent. The present capacity of taking effect in possession—if the possession were to become vacant—distinguishes a vested from a contingent remainder, and not the certainty that the possession will ever become vacant while the remainder continues."

See, also, McArthur v. Scott, 113 U. S. 379, 5 Sup. Ct. 652, 28 L. Ed. 1015, where Doe v. Considine and Blanchard v. Blanchard are cited with approval, and Thaw v. Ritchie, 136 U. S. 546, 10 Sup. Ct. 1037, 34 L. Ed. 531.

Following the rules of construction thus laid down without further discussion, I am of opinion that the remainder to the testator's descendants was vested, and not contingent, and therefore that the tax was properly levied. As the facts are not in dispute, the controversy may as well be ended at this point; and accordingly, unless cause be shown to the contrary, the defendant may direct judgment to be entered in his favor upon the demurrer.