## Morton's Estate.

*Will—Vested and contingent interest—Trust and trustees—Curtesy.*

Testator devised real estate to trustees to pay income in equal shares to each of four children, and if any die "without issue" the share of such one equally to the survivors; but if any die "leaving issue, then the share . . . . to his or her children;" and at the death of all said four children, all the real estate to be conveyed by the trustee "to the children of my deceased children, to wit: All my grandchildren, their heirs and assigns in fee simple," to each set the share of its parent, that is, if all "leave issue," one fourth to the child or children of each; but if only three or two "leave issue, then the same rule to prevail." A granddaughter died after the death of her father, leaving to survive her a husband. *Held,* that the granddaughter took a fee simple estate which continued equitable in form until the death of the last surviving child of the testator, and that her husband was entitled to curtesy in such estate.

Argued April 13, 1903.    Appeal, No. 74, April T., 1903, by Mercantile Trust Company, guardian of estate of Francis M. Longdon, from decree of O. C. Allegheny Co., March T., 1902, No. 119, dismissing exceptions to adjudication, In re Estate of Andrew Morton, Deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ.    Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*A. M. Imbrie* and *W. H. S. Thomson*, for appellants, cited: Klapp's Est., 203 Pa. 198; Commissioners v. Poor District, 169 Pa. 116; Williams v. Baker, 71 Pa. 476; Hitner v. Ege, 23 Pa. 305; Freeman on Co-Tenancy, sec. 456.

*W. R. Errett*, for appellee.

Opinion by W. D. Porter, J., March 14, 1904:

Andrew Morton, the testator, died in 1862, leaving to survive him, a widow and four children, James and George W. Morton, Nancy Eaton and Sarah J. Ingham. He devised, by the seventh clause of his will, all his real estate to trustees, in trust to rent out and manage the same to the best advantage, and divide and pay over the net income, one fifth to his widow, one fifth to George W. Morton, and a like part to each of his said children, during the life of the widow; " and at her decease then the same to be divided and paid one-fourth each to each of my said children." " Should, however, either of my said children die without issue, then the share of said deceased child to be paid and equally divided among my surviving children, but should either of my said children die leaving issue, then the share of said deceased child to be paid to his or her children."

The eighth clause of the will devised the estate in remainder, after the termination of the particular estates in trust, as follows:

" At the decease of all my children then I direct that all my real estate be granted and conveyed by my said executors or trustees or their successors to the children of my deceased children, to wit: all my grandchildren, their heirs and assigns in fee simple, each set of children, however, to take and have and receive the share of his, her or their deceased parent. That is, should all my children leave issue, then one-fourth to the child or children of James; one-fourth to the child or children of George; one-fourth to the child or children of Nancy Eaton and one-fourth to the child or children of Sarah J. Ingram. Should only three or two of them leave issue, then the same rule to prevail."

There were living, at the date of the death of testator, children of George W. Morton, grandchildren of testator, capable

of taking under the devise of the estate in remainder.  George W. Morton died in 1872 leaving six children, to each of whom their proportionate share of the trust estate had been regularly paid, until the happening of the event out of which the question presented by this case has arisen.  Birdella, a daughter of George W. Morton, married Francis J. Longdon, Jr., the appellee, died, leaving to survive her the said husband and a minor son, Francis M. Longdon, of whose estate the appellant is guardian.  The trustee having filed an account, the share of the income to which Birdella Langdon would have been entitled had she been living, was claimed by her surviving husband, as tenant by the curtesy, the court below sustained the claim, and the guardian of the son takes this appeal.  The question turns upon the nature of the estate of which Mrs. Longdon was seized.

The primary general intent of the testator was to insure to his sons and daughters the beneficial use of the real estate during their respective lives, that each should have an equal share of the income, and that the estate in remainder in each share should upon the death of each life tenant be enjoyed by his or her lineal descendants.  He created the trust for the purpose of preserving the estate in its entirety and insuring the payment of the income until the death of his last surviving son or daughter.  The death of his last child will work the termination of the trust, and the legal and equitable estates will then coalesce.  It is manifest from the whole face of the will that the testator intended that his grandchildren, who, upon the death of his sons and daughters respectively, should become entitled to the beneficial enjoyment of the property and participate in the income thereof, should be possessed of an absolute fee.  It matters not whether the gift vested in Birdella Longdon indefeasibly upon the death of the testator, or subject to be divested on the happening of a subsequent contingency, the death of her father, George W. Morton, without leaving issue.  If the latter, the condition on which it was to be defeated, has not taken place.  George W. Morton did not die without issue, the contingency upon which his brothers and sisters might have succeeded to the estate in remainder never can arise.  Nor is it necessary to inquire whether the testator intended in the use of the terms, " child " and " chil-

dren " of his sons or daughters to include grandchildren, in order to determine whether the issue of a child of one of the life tenants who died before its parent would take the share of such deceased child in the remainder upon the termination of the life estate. None of the children of George W. Morton died during his lifetime leaving issue. They all survived him and lived to answer the exact designation of the clause by which the ultimate devise of the fee in remainder was made by the will of their grandfather ; they were children of a deceased child, who had died leaving issue, they at once, under the provisions of the will, became entitled to participate in the beneficial enjoyment of the estate. There vested in Birdella Longdon an estate in the land which was subject to no devise over, and upon the alienation or descent of which the will of her grandfather imposed no condition. The estate which she took was a fee simple, which must continue equitable in form until the death of the last surviving child of the testator, when, the purpose of the creation of the trust having been subserved, the legal and equitable titles will coalesce : Minnig v. Batdorff, 5 Pa. 503 ; Chew's Appeal, 37 Pa. 23 ; McCall's Appeal, 86 Pa. 254 ; Bradley's Estate, 166 Pa. 300 ; Carstensen's Estate, 196 Pa. 325 ; McClure's Appeal, 72 Pa. 414 ; Shalters v. Ladd, 141 Pa. 349 ; Wood's Appeal, 201 Pa. 420.

The estate of Birdella Longdon was a fee, whether legal or equitable matters not, as in either case, in Pennsylvania, curtesy attaches as an incident : Evans v. Evans, 9 Pa. 190 ; Thornton v. Krepps, 37 Pa. 391 ; Dubs v. Dubs, 31 Pa. 149 ; Ege v. Medlar, 82 Pa. 86 ; Wood's Appeal, supra.

The decree is affirmed.