## Bainbridge Estate

*Richard L. Grossman*, for accountant.

*Stephen M. Cushmore*, for estate of Jessie Wilkinson.

TAXIS, *J.*, August 4, 1980—The final account of Continental Bank, formerly Penn Trust Company, substituted trustee of the trust for Jessie Wilkinson under the will of Theodore Bainbridge, was audited and examined by the court on April 7, 1980.

The account is filed because of the death of the income beneficiary, Jessie Wilkinson, on September 14, 1978 and the termination of the trust by reason thereof.

The transfer inheritance tax assessed has been paid but, should any further portion pass to collateral heirs, additional tax will become due.

All parties having or claiming any interest in the trust, of whom the accountant has notice or knowledge, are stated to have received written notice of the audit in conformity with the rules of court.

At the time of audit, the court was asked to pass upon the nature of a remainder interest and its consequent distribution.

Decedent died on December 6, 1908, leaving a will dated December 23, 1907, with codicil thereto dated November 12, 1908. By a "second" Item Second of his will, decedent made the following disposition of the residue of his estate:

"SECOND:—All the rest, residue and remainder of my estate I give devise and bequeath unto my Executor hereinafter named, his heirs, executors and administrators, in trust, for the sole use and benefit of my adopted daughter, Jessie M. Wilkinson, the net income therefrom to be paid to her at half yearly periods during the whole term of her natural life, and at her death to hold the said principal until her son, Theodore Bainbridge Wilkinson shall have attained the age of twenty one years, using such of the income therefrom as may be necessary for his proper care, maintenance and education and upon his having attained the age of twenty one years, then my Executor shall assign, transfer and convey all the balance of principal and income of my said Estate to my grandson, Theodore Bainbridge Wilkinson, absolutely and in fee simple, freed and discharged from all trusts."

Theodore Bainbridge Wilkinson ("grandson") died at age 14 years in 1920, thereby predeceasing his mother, the income beneficiary.

The executor of the estate of the income benefi--

ciary takes the position that the gift to decedent's grandson was contingent upon his surviving his mother, the income beneficiary, and that since he failed to survive, the entire balance is awardable to his mother's estate. The accountant takes the position that the remainder is vested and that, therefore, the estate descends one-half each to the parents of the grandson, who were living at the time of the grandson's death.

This remainder in the grandson is clearly vested because the will did not specify that it should pass to someone else if the grandson did not survive his mother nor did it state that the grandson had to survive his mother to take his share. See Hilton Trust, 26 Fiduc. Rep. 369, 378 (1975). Further, where interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall vest immediately upon the death of the testator. This circumstance indicates an intention that the beneficial enjoyment shall begin at once, and the payment only of the principal or capital be postponed: Safe Dep. & Tr. Co. of Pittsburgh v. Wood, 201 Pa. 420, 426, 50 Atl. 920 (1902).

The court therefore finds that the remainder was vested in the grandson and that the interest passes by intestate succession, one-half to the estate of Jessie Wilkinson and one-half to Harry Wilkinson, the father of Theodore Bainbridge Wilkinson and former husband of Jessie Wilkinson.

The accountant has been unable to locate Harry Wilkinson and requests that it be allowed to pay the interest into the orphans' court. The same is herewith approved.

## ORDER

And now, August 4, 1980, this adjudication is confirmed nisi.