Grant.
2g   28
145  548

2g   28
39SC ²330

# Fulton *versus* Fulton.

1. In a will, the words, "if any of the above-named four children should die, it is my will that the share of such one be equally divided among the survivors," refer to the death of the testator, and the four children having survived him, their estates became absolute.—Per BURRILL, Pres. of Common Pleas, approved by Supreme Court.

2. That construction ought to be favored that makes an estate vest absolutely at the earliest possible period.

3. A construction should be avoided, which converts a fee simple into a life estate or an estate tail by implication, or that seems to give a life estate or estate tail in personal property.

ERROR to the court of Common Pleas of *Westmoreland county*.

The parties in this court stand as follows on the record :— Benjamin Fulton, John Seidler, James Guthrie, James Sweeney, Levi Barnes, James Layton, William Hughes, jr., and George Marietta, plaintiffs in error, *v.* Abraham Fulton, Esther Craig, formerly Esther Fulton, Robert Fulton, David Burrell and Catharine his wife, formerly Catharine Fulton, for the use of said Catharine, defendants in error, and plaintiffs below.

The questions arise on the following stated case :

"James Fulton, the elder, died in 1825, seized in fee of the land in dispute.

"James Fulton made his last will and testament on the 5th of March, 1825, which was duly proved on the 22d of April, 1825.

"That said James Fulton left a widow, Sarah, (long since dead,) and the following children, to wit: Abraham Fulton, Esther Craig, Robert Fulton, James Fulton, who is dead, leaving one child, Catharine, married to David Burrell, one of the plaintiffs, Mary Fulton, Martha Fulton, Cochran Fulton, and Benjamin Fulton, who all survived their father James Fulton, deceased, the testator.

"That the tract of land in dispute was devised by said James Fulton to Mary, Martha, Cochran and Benjamin, in the manner mentioned in said will.

"That Mary Fulton died intestate, and without issue, on the 15th June, 1827 ; and Cochran died on 19th Dec., 1833, intestate, and without issue; and Martha died 29th April, 1834, intestate, and without issue.

[Fulton *v.* Fulton.]

"The present defendants claim under Benjamin Fulton, who is also one of the defendants.

"That after the death of Mary Fulton, an action of ejectment was brought by the present plaintiffs, or those under whom they claim, for the four-sevenths of one-fourth of the land in dispute, against Cochran, Benjamin and Martha, in which a judgment was recovered for the defendants, on the 27th August, 1831.

"That Martha Fulton, in 1832, was found a person of unsound mind, by an inquest; and that she had been so forty years, and was subject to fits; and that Benjamin Fulton, Cochran Fulton and Mary Fulton were persons of weak minds.

"If the court shall be of opinion that the plaintiffs are entitled to recover, then judgment to be entered for such share as they arc entitled to. That if the plaintiffs are not entitled to recover, then judgment to be entered for the defendants generally."

In the will of James Fulton occurs the following clause, the construction of which raises the question in this case.

"The remainder of my landed property I bequeath to my two daughters, Martha and Mary, and my two sons, Cochran and Benjamin, to be equally divided between them, who are charged with the comfortable maintenance of their mother, my loving wife Sarah; and in addition to the above remainder of my landed property, I bequeath to my said four children, Martha, Mary, Cochran, and Benjamin, and my loving wife, the whole of my stock of every description, grain in the ground, and in the barn, hay and farming utensils of every description, and also the balance of the time of an indented apprentice, provided they fulfil the indenture on their part. If any of the above named four children should die, it is my will that the share of such one should be equally divided among the survivors; and it is my will that all of the above named heirs contribute equally towards paying my just debts, and funeral expenses. And to my grand-daughter, Esther Craig, I bequeath one horse and saddle, one cow, a bed and bedding, which she is to receive at her marriage or her grand-mother's death. And lastly, I constitute and appoint my well beloved friends, Robert Montgomery, Esquire, and William Hughes, my executors. The expense of procuring a patent for the land, to be at the joint expense of all the legatees."

Upon which the court, BURRILL, P., entered judgment as follows:—"The Court is of opinion that the words in the will of James Fulton, deceased, 'If any of the above named four children should die, it is my will that the share of such one should be equally divided among the survivors,' are referable to the death of the testator; being unable from the will to find any

[Fulton *v.* Fulton.]

other period.   As all these four children survived the testator, their estates were absolute.   On the death of Mary, adverse possession seems to have been taken of her estate by the other three; and Benjamin would be protected now by the Statute of Limitations, as to one-third of Mary's, at least; upon the death of Cochran and Martha, their estates descended to all the brothers and sisters together.   Dividing the estate into thirtieth parts, it leaves in Benjamin fourteen undivided thirtieth parts.   Judgment is therefore entered for the plaintiffs, upon the case stated, for sixteen undivided thirtieth parts of the land.   The plaintiffs having disclaimed as to the portion for which Guthrie took special defence, that is not included in the recovery."

*Armstrong* and *Cowan,* for plaintiffs in error, referred to 2 Jar. on Wills, 458; *Haines* v. *Witmer,* 2 Yates, 400, and cases there cited; *Clark* v. *Baker,* 3 S. & R. 470; *Lapsley* v. *Lapsley,* 9 W. & S. 130; Powell on Devise, 723; 1 Jar. 427; *Cochran* v. *Shale,* 2 Paige, 122; *Anon.,* 1 And. 33; *Atkins* v. *Atkins,* Cro. E. 248; *Spaulding* v. *Spaulding,* Cro. Car. 185; 2 Maine, 429; *Brown* v. *Brown,* 1 Dana, 41; *Kirkpatrick* v. *Kirkpatrick,* 13 Ves. 476; *Billings* v. *Sandom,* 1 B. C. C. 393; *Nowlan* v. *Nelligan,* Id. 489; *Chapman* v. *Brown,* 3 Burr. 1031; *Jackson* v. *Strang,* 1 Hall, 22; *Stouffer* v. *Hoover,* 1 W. & S. 400; *Ripple* v. *Ripple,* 1 Rawle, 386; 7 W. & S. 407; *Cripps* v. *Wolcott,* 4 Maddox, 11; *Bindon* v. *Suffolk,* 1 P. W. 99; *Smart* v. *Clark,* 3 Russ. 365; 2 Wms. Ex. 2 Am. ed. 795; *Douglass* v. *Chalmer,* 2 Ves. Jr. 501; 18 Ves. 368; 2 Jar. 745; *Worlidge* v. *Churchill,* 3 B. C. C. 468; *Paine* v. *Benson,* 3 Atk. 78; *Doe d. George* v. *Webb,* 1 Taunt. 234; 2 Eq. C. Ab. 522; *Carr* v. *Wallace,* 7 Watts, 394; *Nass* v. *Vanswearingham,* 10 S. & R. 144; *Epley* v. *Withenn,* 7 W. 163; 8 S. & R. 92; *Irvine* v. *Nixon,* 1 Jones, 419; *Cluggage* v. *Duncan,* 1 S. & R. 111; *Martin* v. *Ives,* 17 Id. 366.

*Foster* and *Marchand,* for defendants in error, referred to *Rose de Vere* v. *Hill,* 3 Burr. 1831; 1 Eq. C. Ab. 293; *Roebuck* v. *Dean,* 2 Ves. 265; *Perry* v. *Woods,* 3 Id. 204; *Mayberry* v. *Stode,* 19 Id. 537; *Brown* v. *Riggs,* 7 Id. 279; *Garland* v. *Thompson,* 1 Bos. & Pull. 82; *Edwards* v. *Simons,* 6 Taunt. 213; 2 Jarm. on Wills, 449–462; *Moore* v. *Lyon,* 25 Wend. 119; *Johnston* v. *Morton,* 10 Barr, 245; *Caldwell* v. *Skilton,* 1 Har. 153.

The opinion of the court was delivered December 16, 1853, by LOWRIE, J.—Much of the argument of the plaintiff in error is founded on facts apparently important, but not appearing in

the case stated; much of it on difficulties seeming, by possibility, to arise out of the construction given to this will in the Common Pleas; difficulties against which we cannot presume the testator intended to provide, unless we had some evidence that he thought of them. Perhaps he never thought of the mother outliving any of the children. Much of it is a difficulty purely imaginary; for it is not true that a legatee or devisee and his estate are discharged by death from the duties imposed upon him by the testator in consideration of the devise or bequest.

We think the court put the right construction upon this will, as well as upon the effect of the former action. It has the weight of authority in its favor. It avoids the fault of converting an express fee simple estate into a life estate or an estate tail by implication. It avoids the fault of seeming to give a fee tail or a life estate in personal property—both the realty and personalty being granted by the same words. It follows the rule that that construction ought to be favored, that makes an estate vest absolutely at the earliest possible period. And it is much more equal in its apparent results than the one contended for on the other side.

　　　　　　　　　　　　　　　　Judgment affirmed.