## Day & Sharpe's Assigned Estate.

*Equitable assignment—Equity—Contingent interests.*

An equitable assignment is an agreement in the nature of a declaration of trust which a chancellor never hesitates to execute when it has been made on a valuable or even good consideration.

Equity will support assignments of contingent interests and expectancies, that is, things which have no present actual existence but rest in mere possibility, provided the agreements are fairly entered into and it would not be against public policy to uphold them.

*Equitable assignment—Agreement between execution creditors.—Sale by assignee instead of sheriff.*

Where it appears from the fair weight of the evidence that a senior execution creditor agreed with a junior execution creditor that if the latter would permit the goods taken in execution to be sold by the assignee of the defendant in the execution, instead of the sheriff, the junior creditor should be paid " out of the moneys coming into the hands of the assignee," which would otherwise be paid to the senior creditor, and the senior creditor subsequently assigns his judgment to a person who has full knowledge of the agreement made with the junior creditor, the assignee of the judgment takes it subject to the rights of the junior creditor under the agreement.

Argued May 14, 1902. Appeal, No. 55, April T., 1902, by A. I. Scott, from order of C. P. Lawrence Co., June T., 1901, No. 6, overruling exceptions to auditor's report in case of Day & Sharpe's Assigned Estate. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of S. L. McCracken, auditor.

The auditor, after discussing the testimony, reported as follows :

From the evidence taken, your auditor finds the following matters of fact :

1. That at the time of the assignment by Day & Sharpe to A. I. Scott, the goods of Day & Sharpe were in the custody of the sheriff of Lawrence county by virtue of sundry writs of execution, among which were a writ in favor of J. McD. Scott & Company, for $4,008.98, with attorney's commission and costs, and two certain writs in favor of Letha L. McQuaid, for $3,100, with attorney's commission and costs.

2. That the writ in favor of J. McD Scott & Company at fi. fa. No. 4, March term, 1898, is prior to the writs of Mrs. Letha L. McQuaid; and were it not for the contract to pay $500 on the McQuaid judgment, after the payment of the costs of the audit, should have applied to it, the entire remaining fund.

3. That there was an agreement made at the office of H. K. Gregory, Esq., attorney for Letha L. McQuaid, between Mr. Gregory and C. W. Wallace, Esq., attorney for J. McD. Scott & Company, J. McD. Scott, B. A. Winternitz., Esq., attorney for A. I. Scott, assignee, and A. I. Scott, as follows: That out of the moneys coming into the hands of the assignee of Day & Sharpe there is to be paid to apply on Letha McQuaid judgment the sum of $500 by J. McD. Scott, or by Chester W. Wallace, Esq., attorney for J. McD. Scott & Company, in their writ against Day & Sharpe when the account of the assignee is finally confirmed, provided there is not sufficient paid by the assignee to pay $500 on the said McQuaid judgment.

4. That nothing has been paid by A. I. Scott nor by J. McD. Scott, nor by C. W. Wallace, attorney for J. McD. Scott & Company, to apply on the McQuaid judgment.

5. That about June 9, 1898, the judgment of J. McD. Scott & Company was assigned to A. I. Scott and A. I. Scott is the present owner.

6. That A. I. Scott accepted the assignment of said J. McD. Scott & Company judgment with the knowledge that an agreement had been entered into at Mr. Gregory's office by J. McD. Scott, himself and B. A. Winternitz, his attorney, to pay to H. K. Gregory, Esq., on Letha L. McQuaid judgment the sum of $500 out of said J. McD. Scott & Company judgment, if not paid by A. I. Scott, assignee out of the money in his hands as assignee of Day & Sharpe.

Your auditor finds as a matter of law, that when A. I. Scott took an assignment of the judgment of J. McD. Scott & Company, subsequent to the making of the McQuaid agreement, he took it, subject to said agreement to pay $500 to the McQuaid judgment, he having knowledge of the same and having been present at and participated in the making of said agreement.

In accordance with the foregoing, your auditor therefore

makes the following distribution of the money in the hands of the accountant :

DISTRIBUTION.

| | | |
|---|---:|---:|
| Fund for distribution . . . . . . | | $1,269 28 |
| To New Castle News Co., notice . $  3 00 | | |
| " R. M. Campbell, Pro. . . .      7 00 | | |
| " A. D. Mornes, Stenographer .      3 20 | | |
| " S. L. McCracken, Auditor . .  125 00 | | |
| | | 138 20 |
| To Letha L. McQuaid . . . $500 00 | | |
| " A. I. Scott, on judgment . . 631 08 | | |
| | | 1,131 08 |
| | | $1,269 28 |

Exceptions to the auditor's report were dismissed in an opinion by WALLACE, P. J.

*Errors assigned* were in dismissing exceptions to auditor's report.

*J. S. Ferguson* and *B. A. Winternitz*, with him *E. G. Ferguson* and *J. G. McConahy*, for appellant.—The agreement amounts to nothing more than a mere promise of Scott, and, upon his failure to keep it, the remedy of Mrs. McQuaid would be by action against him.

A promise to appropriate a fund, when received, to a particular claim, is not a legal or equitable assignment of it: Kauffman's Est., 1 L. Bar. March 19, 1870 ; Christmas v. Russell, 14 Wall. 70 ; Trist v. Child, 21 Wall. 447 ; Rogers v. Hasock, 18 Wend. 319; Giest's Appeal, 104 Pa. 351 ; First National Bank of Scranton v. Higbee, 109 Pa. 130 ; Boulden v. Hebel, 17 S. & R. 312 ; Beans v. Bullitt, 57 Pa. 221 ; Wylie's App., 92 Pa. 196.

*H. K. Gregory*, for appellee.—The written memorandum taken in connection with the testimony is an equitable assignment of $500 of the fund applicable to the J. McD. Scott & Company judgment and writ to Letha L. McQuaid : Ruple v. Bindley, 91 Pa. 296 ; Lewis v. Berry, 64 Barb. 593 ; East Lewisburg Lumber, etc., Co. v. Marsh, 91 Pa. 96 ; Clemson v. Davidson, 5 Binn. 397.

An equitable assignment is said to be an agreement in the nature of a declaration of trust which a chancellor though deaf to the prayer of a volunteer, never hesitates to execute when it has been made on valuable or even good consideration: Nesmith v. Drum, 8 W. & S. 9; Guthrie's Appeal, 92 Pa. 269; Moeser v. Schneider, 158 Pa. 412; Patten v. Wilson, 34 Pa. 299; Dickenson v. Phillips, 1 Barb. 458.

OPINION BY WILLIAM W. PORTER, J., July 10, 1902:

Day and Sharpe made an assignment, for the benefit of creditors, to A. I. Scott.  Before the assignment several judgments had been entered against the firm and executions issued thereon. The fourth execution to reach the sheriff was issued on a judgment held by J. McD. Scott & Company.  The fifth and sixth writs were upon judgments held by Letha L. McQuaid, who, in consideration of an agreement made with her by J. McD. Scott, agreed with other creditors that the property of Day and Sharpe might be sold by the assignee and not by the sheriff. The assignee made the sale and brought the proceeds into court. The questions here arising are: What was the agreement between J. McD. Scott, and McQuaid, and what was its effect upon A. I. Scott, to whom, pending the sale of the assets, J. McD. Scott assigned his judgment?  J. McD. Scott says that he promised Letha L. McQuaid that if she would sign the agreement permitting the sale of the assets to be made by the assignee, he would pay her $500, provided the proceeds of the sale did not amount to sufficient to pay $500 on her judgment.  On the other hand, Letha L. McQuaid asserts that she signed the agreement permitting the assignee to make the sale, on the faith of an agreement by J. McD. Scott that out of the moneys coming to him on his execution, should be paid to her $500, in case the fund was not sufficient to pay her $500 on her judgment. It will be observed that the primary question is one almost wholly of fact.  The proof of the agreement between the parties lies in parol.  An unsigned written memorandum was exhibited in evidence.  It recites as follows: "Out of the moneys coming into the hands of the assignee of Day and Sharpe, there is to be paid to apply on Letha L. McQuaid's judgment, the sum of $500 by J. McD. Scott, when the account of the assignee is finally confirmed, providing there is not sufficient paid

by the assignee to pay $500 on her judgment." The evidence
furnished by this unsigned paper is supplemented by oral tes-
timony from several witnesses present when the arrangement
was consummated. The result of all the evidence is not that
J. McD. Scott made a mere personal promise to pay $500, but
that he agreed that the amount grasped by the writ upon his
judgment, when ascertained on the confirmation of the assign-
ee's account, should be secured to the McQuaid judgment to
the extent of $500, which should be paid "out of the moneys
coming into the hands of the assignee." The unsigned writ-
ing contradicts the theory that a simple personal promise was
made by J. McD. Scott to pay $500. It indicates that the fund
to be produced in the hands of the assignee and applicable to
the Scott judgment by virtue of the execution, was the fund
out of which the payment to McQuaid should come. This was
the contract shown by the testimony. Letha L. McQuaid
performed her part of the agreement by acquiescing in the sale
by the assignee. J. McD. Scott seems now to be irresponsible.
A. I. Scott, the present owner of the judgment (and the holder
of the fund for distribution) is, by the clear weight of the evi-
dence, charged with knowledge of the agreement between J.
McD. Scott and McQuaid. The auditor explicitly finds that
he had such knowledge. It would, therefore, be inequitable
to permit him, by taking an assignment of the judgment, to es-
cape the obligation annexed to its ownership by the act of his
assignor. He must be held to have taken the assignment of
the judgment cum onere. The agreement of the former holder
with McQuaid was in the nature of an equitable assignment of
the fund applicable, on the settlement of the account of the as-
signee, to the payment of the Scott judgment, to take effect in
case the whole fund proved insufficient to pay $500 on the Mc-
Quaid judgment. An equitable assignment is an agreement
in the nature of a declaration of trust which a chancellor never
hesitates to execute when it has been made on a valuable, or
even good, consideration: Nesmith v. Drum, 8 W. & S. 9;
Moeser v. Schneider, 158 Pa. 412; Guthrie's Appeal, 92 Pa.
272. The matter of form is unimportant: East Lewisburg Lum-
ber, etc., Co. v. Marsh, 91 Pa. 100. The case last cited is author-
ity for the statement that equity will support assignments of
contingent interests and expectancies; things which have no

present actual existence, but rest in mere possibility, provided the agreements are fairly entered into and it would not be against public policy to uphold them.   In this case the agreement affected a fund to be produced, and applicable to the Scott judgment.   This fund became applicable, under the terms of the agreement with McQuaid, to the payment of the $500 to her, since the whole fund was insufficient to pay $500 on her judgment.

The decree of the court below is, therefore, affirmed.