# Long's Estate.

*Wills—Vested and contingent estates—Construction—Children.*

1. In cases of doubtful construction the law leans in favor of an absolute, rather than a defeasible estate; of a vested, rather than a contingent one; of the primary, rather than the secondary intent; of the first, rather than the second taker, as the principal object of the testator's bounty; and of a distribution as nearly conformed to the general rules of inheritance as possible.

2. The question of vested or contingent is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment; for that would make the character of the estate depend, not upon the terms of its creation, but on the form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well as with, which are yet defeasible. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. An unpossessed estate is vested, if it is certain to take effect in possession, by enduring longer than the precedent estate.

3. In Pennsylvania a person sui juris owning a contingent interest in land or in personal property, may sell the same to one who does not stand towards him in a trust relation and who does not impose upon him, for any sum agreed upon between them.

4. It is the well established rule of construction in this state, as well as elsewhere, that the word " children " in a will does not include grandchildren, unless it appears from the context to have been so intended by the testator, or such meaning is necessary to carry out his manifest intent.

5. Testator gave all the residue of his estate, real and personal, to a trustee in trust for the period of twenty years with large and ample powers in the trustee to manage, invest and reinvest the same. He also directed as follows: "I further provide and direct that when there is a greater accumulation than he deems necessary for the purposes of this trust he shall divide the same into six equal shares, paying one share to each of my five children and one share to be divided amongst the children of my deceased son. And if any of my children should die without leaving lineal descendants before the expiration of twenty years after my decease, then such share shall go to the other legatees share and share alike—parties taking per stirpes and not per capita. At the termination of twenty years the said trustee shall sell said real and personal property and divide the same in six shares to be distributed as is provided with reference to income of same." *Held*, (1) that the residuary

estate went to the person interested, as personalty; (2) that all the legacies were vested; (3) that the legacies to the "children" of the testator were subject to be divested by death within twenty years without leaving lineal descendants, and (4) that the legacies to the children of the deceased son were vested absolutely and unconditionally and that the administrator of a deceased daughter of the deceased son was entitled to share in a distribution of income.

Argued March 8, 1909. Appeal, No. 18, March T., 1909, by C. Vernon Rettew, Administrator of the Estate of Florence R. Rettew, deceased, from decree of O. C. Cumberland Co., sustaining exceptions to report of auditor in Estate of Christian Long, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to report of J. M. Rhey, Esq., auditor.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree sustaining exceptions to report of auditor.

*M. W. Jacobs*, with him *Charles C. Stroh*, for appellant.— The will of Christian Long directs the executor "at the termination of twenty years" to sell the real and personal property and divide the proceeds among the beneficiaries named in the will. This direction to sell works a conversion, notwithstanding the fact that the sale is postponed: Leiper v. Thompson, 60 Pa. 177; McWilliams's App., 117 Pa. 111; Roland v. Miller, 100 Pa. 47; Mellon v. Reed, 123 Pa. 1; Bright's App., 100 Pa. 602; Thomman's App., 161 Pa. 444; McClure's App., 72 Pa. 414.

The interest of Florence R. Rettew was vested: Smith's App., 23 Pa. 9; Fitzwater's App., 94 Pa. 141; Manderson v. Lukens, 23 Pa. 31; Letchworth's App., 30 Pa. 175; Ryon's App., 124 Pa. 528; Jackson's Est., 179 Pa. 77; Wengerd's Est., 143 Pa. 615; Fulton v. Fulton, 2 Grant, 28; Carstensen's Est., 196 Pa. 325.

The legacy is vested because present beneficial enjoyment is given: Schriver v. Cobeau, 4 Watts, 130; Roberts's App., 59 Pa. 70; Little's App., 117 Pa. 14; Reed's App., 118 Pa. 215; Pro-

venchere's App., 67 Pa. 463; Middleton's Est., 212 Pa. 119; Schwartz's App., 119 Pa. 337; Safe Deposit and Trust Company v. Wood, 201 Pa. 420; Peterson's App., 88 Pa. 397.

Legacy is vested because postponement of payment of principal is for the benefit of the estate: McClure's App., 72 Pa. 414.

Mrs. Rettew's interest was not divested by her death: McCall's App., 86 Pa. 254; Fell's Est., 6 Pa. Superior Ct. 192.

"My children" does not include grandchildren: Hallowell v. Phipps, 2 Whart. 376; Hunt's Est., 133 Pa. 260; Castner's App., 88 Pa. 478; Steinmetz's Est., 194 Pa. 611; Horwitz v. Norris, 49 Pa. 213.

*S. B. Sadler*, for appellee.—In this case there was a direction to sell merely for the purpose of distribution at the end of twenty years. Such a provision does not change the course of inheritance: Painter v. Painter, 220 Pa. 82; Henszey's Est., 220 Pa. 212; Glentworth's Est., 221 Pa. 329; Handley's Est., 181 Pa. 339.

The estate was contingent: McClellan's Est., 221 Pa. 261; McClure's Est., 221 Pa. 556; Handy's Est., 182 Pa. 68; Knowle's Est., 208 Pa. 219; Barger's App., 100 Pa. 239; Rowland's Est., 141 Pa. 553; Raleigh's Est., 206 Pa. 451; Lewis's Est., 203 Pa. 219; Craige's App., 126 Pa. 223; Reilly's Est., 200 Pa. 288; McGlensey's Est., 37 Pa. Superior Ct. 514; Scott's Est., 37 Pa. Superior Ct. 342; Shelmerdine's Est., 16 Pa. Dist. Rep. 222; Tyson's Est., 191 Pa. 218.

If time is annexed to the gift (as distinguished from the payment) or if time is annexed to the payment (there being no gift other than that involved in the direction to pay), the gift is contingent: Seibert's App., 13 Pa. 501; Reed v. Buckley, 5 W. & S. 517; Provenchere's App., 67 Pa. 463; Allen's Est., 192 Pa. 170; Raleigh's Est., 206 Pa. 451; Reed's App., 118 Pa. 215; Safe Dep., etc., Co. v. Wood, 201 Pa. 420; Schriver v. Cobeau, 4 Watts, 130; McClure's App., 72 Pa. 414.

There is no dispute with the legal proposition that the use of the word "children" will not ordinarily include grandchildren. But this rule of construction is subject to the qualifica-

tion that the word shall have such meaning if the will as a whole shows such to have been the intention of the testator: Campbell's Est., 202 Pa. 459; McGlensey's Est., 37 Pa. Superior Ct. 514; Scott's Est., 37 Pa. Superior Ct. 342.

OPINION BY MORRISON, J., April 19, 1909:

Christian Long died January 16, 1892, leaving to survive him, one son and four daughters, and, among other grandchildren, four who were children of a deceased son, Ira L. Long. His estate was large, consisting of both real and personal property. His will, in seventeen items, bears evidence upon its face of having been drawn by one who was an expert in legal expression, makes careful and elaborate provision for each of his children and for the children of his deceased son, varying in quantity and in form, sometimes giving directly and at others in trust, sometimes in fee and at others for life, but in the main setting apart a portion of his estate in the form of life trusts for his children and the children of his deceased son, with remainders over to their respective children. After making these particular provisions, the testator disposed of the residue of his estate— sufficiently large in 1907 to produce a net annual income of over $18,000—by creating a trust to last for twenty years as shown by item fourteen of his will which reads as follows:

"Item. All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to J. L. Barner, in trust, for the period of twenty years—during which period he shall manage the same as he conceives for the best interest of all concerned in the same. He shall have full power to lease or sell the same, to make the necessary contracts, agreements and conveyances. He may purchase any parcels of land which he may deem necessary in order to secure debts due to my estate at either private or public sale, or when the same is sold under judicial proceedings. He is hereby given full power to improve my realty by using the income of the residuary estate to improve the same by erecting buildings thereon, to repair buildings or to fertilize or otherwise do what he may deem desirable, as well as to pay taxes, insurances, etc. When any sales of real or personal property are made he may reinvest the proceeds in

realty or personalty. I further provide and direct that when there is a greater accumulation than he deems necessary for the purposes of this trust he shall divide the same into six equal shares, paying one share to each of my five children and one share to be divided amongst the children of my deceased son, Ira L. Long. And if any of my children should die without leaving lineal descendants before the expiration of twenty years after my decease, then such share shall go to the other legatees share and share alike—parties taking per stirpes and not per capita.

"At the termination of twenty years the said J. L. Barner shall sell said real and personal property and divide the same in six shares to be distributed as is provided with reference to income of same."

It is upon the construction of this residuary clause that the present case turns.

One of the children of Ira L. Long, Florence R. Rettew, died August 28, 1907, intestate, leaving to survive her no children, but a husband, C. Vernon Rettew, the appellant here, to whom letters of administration were granted on her estate. On January 31, 1908, the executor and trustee filed his fourteenth partial account of his several trusts, showing in his hands an undistributed accumulation of the income of the residuary estate of $18,265.30. Of this amount the children of Ira L. Long were entitled to one-sixth, or $3,044.21, which an auditor was appointed to distribute. Before the auditor the three surviving children of Ira L. Long claimed the entire fund for distribution, contending that the legacy to Florence R. Rettew in the residuary clause of the will was contingent, or, if vested, was divested by her death, and that the income of the residuary estate was not apportionable between them and Mrs. Rettew's administrator. The latter claimed one-fourth of the fund going to Ira L. Long's children, upon the ground that the legacy was vested in Mrs. Rettew during her lifetime, to wit: at the death of the testator, and was not divested by her death. The learned auditor, in an exhaustive and careful opinion, sustained the latter contention and submitted a table of distribution accordingly. Upon exceptions filed by the three surviving children of Ira L.

Long, the court held that Mrs. Rettew's legacy was contingent, but that, so far as the fund was income from the rents of real estate and interest on mortgages and other loans, it was apportionable between the life tenant and the remainder-men in the proportion of seven to five, Mrs. Rettew having lived about seven months out of the twelve covered by the account. From this decree of the court below Mrs. Rettew's administrator appeals.

The learned court below having reached the conclusion that Mrs. Rettew's legacy was contingent, held that it was not material whether the last sentence but one in item fourteen of the will included the testator's grandchildren or not. But the learned court expressed the opinion that the language of said sentence might embrace the testator's grandchildren. We here quote it: "And if any of my children should die without leaving lineal descendants before the expiration of 20 years after my decease, then such share shall go to the other legatees share and share alike—parties taking per stirpes and not per capita."

The learned counsel for the appellee, as if not having entire confidence in the position taken by the court that the legacies were contingent, argues earnestly that even if they were vested, the language above quoted embraced the grandchildren of testator, children of Ira L. Long, and, therefore, the death of Florence R. Rettew divested her legacy and it should be distributed to the surviving children of Ira L. Long. We will discuss this proposition further along.

1. In our opinion, the residuary estate goes to the persons interested as personalty. The will of Christian Long directs the executor "at the termination of 20 years" to sell the real and personal property and divide the proceeds among the beneficiaries named in the will. The direction to sell works as conversion, notwithstanding the fact that the sale is postponed: Leiper v. Thompson & Castner, 60 Pa. 177; McClure's Appeal, 72 Pa. 414; Roland v. Miller, 100 Pa. 47; Bright's Appeal, 100 Pa. 602; McWilliams's Appeal, 117 Pa. 111; Mellon v. Reed, 123 Pa. 1; Thomman's Est., 161 Pa. 444. We, therefore, consider the residuary estate as personalty. Mrs. Rettew's interest in it was a legacy and if C. Vernon Rettew has any interest

in it or its income, he takes as administrator of the estate of his deceased wife.

2. Was the interest of Florence R. Rettew vested? In item fourteen we find: "I further provide and direct that when there is a greater accumulation than he deems necessary for the purposes of this trust he shall divide the same into six equal shares, paying one share to each of my five children and one share to be divided amongst the children of my deceased son, Ira L. Long." As to the principal, the will directs that it be sold at the end of twenty years and to be divided "in six shares, to be distributed as is provided with reference to the income of same."

The controlling question then is, does this will, taken as a whole, give vested legacies to the children of Ira L. Long? In our opinion, the will gives vested legacies to the testator's children and grandchildren provided for in the residuary clause. In order to hold that these legacies were contingent places upon the person so asserting the burden of establishing by fair and reasonable construction of the will that the legacies are contingent without doubt. To the writer it seems quite clear that these legacies were vested at the death of the testator, but to convict the court below of error, and to sustain the learned auditor, only requires us to conclude that the question is doubtful. The rule of law is that a legacy must be assumed to be vested unless the contrary intention of the testator clearly appears. In Smith's App., 23 Pa. 9, our Supreme Court said: In cases of doubtful construction the law leans in favor of an absolute, rather than a defeasible estate; of a vested, rather than a contingent one; of the primary, rather than the secondary intent; of the first, rather than the second taker, as the principal object of the testator's bounty; and of a distribution as nearly conformed to the general rules of inheritance as possible."

In Manderson v. Lukens, 23 Pa. 31, it is said: "The question of vested or contingent is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment; for that would make the character of the estate depend, not upon the terms of its creation, but on the form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well

as with, which are yet defeasible. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. An unpossessed estate is vested, if it is certain to take effect in possession, by enduring longer than the precedent estate."

In Fitzwater's Appeal, 94 Pa. 141, it is said (p. 146): "Where the intendment of the will is doubtful, the law leans in favor of an absolute estate; of the primary, rather than the secondary intent; of the first taker as the primary object of the testator's bounty; and of a distribution conformable to the general rules of inheritance."

In Letchworth's Appeal, 30 Pa. 175, our Supreme Court, on page 179, said: "The law always and naturally inclines to attribute the real and substantial ownership of property to some existing person, even in the case of a trust and never to leave any part of it in abeyance. In other words, it always inclines to treat the whole interest as vested, and not as contingent; and therefore, in case of doubt or mere probability it declares the interest vested." To the same effect is Ryon's App., 124 Pa. 528. See also Jackson's Est., 179 Pa. 77; Wengerd's Est., 143 Pa. 615; Fulton v. Fulton, 2 Grant, 28; Carstensen's Est., 196 Pa. 325.

In Menoher's Est., 18 Pa. Superior Ct. 335, in an opinion by Rice, P. J., we said: "They are familiar principles that in the construction of wills, the law, in doubtful cases, leans in favor of a vested, rather than a contingent estate."

In Thran v. Herzog, 12 Pa. Superior Ct. 551, Rice, P. J., in delivering the opinion of this court (p. 555), said: "In doubtful cases the courts favor that construction which, consistently with the words of the instrument, will give an absolute rather than a defeasible estate, a vested rather than a contingent one and which will result in a disposition in conformity to the general rules of inheritance, rather than one which will disinherit an heir-at-law." We think the legacy is vested because present beneficial enjoyment is given. Time is annexed, not to the substance of the gift, but merely to the payment, and, while the gift of the legacy is in the form of direction to pay, the direction to

pay to the legatees the income not needed for the purposes of the trust shows the intention of the testator that the beneficial enjoyment should begin at once and that payment only of the principal should be postponed. The legacy, therefore, vested from the time of the testator's death.

In Schriver v. Cobeau, 4 Watts, 130, the provision in the will was: "I give unto my nephew the interest arising from one share of 5% state stock; and when the principal is paid off by law, then I give the principal arising from such share." Held, that this is an absolute bequest of the stock, which may be disposed of by the administrator of the legatee at any time.

In Roberts's Appeal, 59 Pa. 70, it is held, prima facie, the gift of a product of a fund is the gift of the product in perpetuity, and consequently is a gift of the fund itself. Held further that the legacy to the nephew was vested and on his death, although under twenty-one, passed to his representatives. See also Little's Appeal, 117 Pa. 14; Reed's Appeal, 118 Pa. 215.

Where "A testator provided that his executors should keep the proceeds of land sold invested at interest and pay over to each of his nine grandchildren one-ninth of the interest thereof annually, 'or if any of them have died, leaving heirs, then pay the same to said heirs, and at the full expiration of twelve years from the time of my decease, shall in like manner pay over the principal; but neither interest nor principal shall be liable to attachment:' Held, that the legacies to grandchildren were substantive gifts with time of payment postponed but certain and unconditional, and, therefore, vested at the death of the testator." See also Provenchere's App., 67 Pa. 463; Middleton's Est.,.212 Pa. 119; Schwartz's App., 119 Pa. 337; Safe Deposit & Trust Co. v. Wood, 201 Pa. 420. We think the above cases and many others that might be cited fully sustain the proposition that the legacies provided in item fourteen of the will vested at the death of the testator.

It does not appear from this will that the testator intended that the legacies to the children of Ira L. Long should be divested by death prior to the time fixed for the payment of the principal. The will makes no disposition of their shares of the residuary estate in case of the death of any of them prior to the

time fixed for final distribution, and this circumstance of itself "is a very influential consideration" in support of the vested and absolute character of the legacies: Burd's Exr. v. Burd's Admr., 40 Pa. 182; McCall's App., 86 Pa. 254; Fell's Est., 6 Pa. Superior Ct. 192.

3. It is contended by the court and argued by the counsel for appellees that the testator evidently intended to make the legacies contingent so that the persons interested would not dispose of their interests and thus interfere with the trustee keeping control of the property for twenty years, but this argument is not of much force when we remember that the Supreme Court has often held that the beneficiary may dispose of his legacy whether it be contingent or vested. In Whelen v. Phillips, 151 Pa. 312, it was decided as stated in the syllabus: "In Pennsylvania a person sui juris owning a contingent interest in land or in personal property, may sell the same, to one who does not stand towards him in a trust relation, and who does not impose upon him, for any sum agreed upon between them.

"A legatee under a will was entitled to a legacy of $4,466.66 contingent upon his surviving his mother. During the lifetime of his mother who was then seventy-six years of age, the legatee being in financial straits, sold his interest in the legacy for $1,000 to a person who stood in no trust relation to him: Held, that, in the absence of evidence of oppression or bad faith in the transaction, the sale passed a good title to the purchaser." To the same effect is Day & Sharpe's Assigned Est., 21 Pa. Superior Ct. 118. See also Robbins's Est., 199 Pa. 500; Phillips's Est., No. 2, 205 Pa. 511. In that case Mr. Justice BROWN said: "Whether he and the appellee regarded it as contingent or vested when he executed the assignment of February 17, 1890, to relieve himself from his great embarrassment, to which he freely testifies, is immaterial; for he had a right to assign it if it was either: 'A person, sui juris, owning a contingent remainder in land, or in personal property, may sell the same for such sum as may be agreed upon between himself and the purchaser, provided the former does not stand towards him in a trust relation, and in making the purchase, acts in good faith:' Whelen v. Phillips, 151 Pa. 312."

4. The remaining question strongly argued by appellees' counsel is that if the legacy to Mrs. Rettew was vested, it was divested by her death, under the last sentence but one of item fourteen of the will hereinbefore quoted. The testator's direction relied on is plainly limited to his children and it does not include grandchildren. To make this language include grandchildren requires a strained construction, and in our opinion a will so well drawn as the one in question will not bear a strained construction, especially on a question so well decided as the meaning of the words "my children" when used by a testator. It has been decided that children means descendants in the first degree and never includes grandchildren, except in the contingencies referred to in the cases.

In Hallowell v. Phipps, 2 Wharton, 376, Mr. Justice ROGERS, speaking for the Supreme Court, used the following language which has often been quoted with approval and followed in the more recent cases. "Under a bequest to children, grandchildren and other remote issue are excluded, unless it be the apparent intention of the testator, disclosed by his will, to provide for the children of a deceased child. But such construction can only arise, from a clear intention or necessary implication; as where there are not other children than grandchildren, or where the term 'children,' is further explained by a limitation over, in default of issue. The word 'children' does not ordinarily, and properly speaking, comprehend grandchildren, or issue generally. Their being included in that term, is only permitted in two cases, viz. from necessity, which occurs when the will would remain inoperative, unless the sense of the word, 'children,' were extended beyond its natural import; and where the testator has clearly shown by the other words that he did not intend to use the term 'children,' in the proper actual meaning, but in a more extensive sense."

In Hunt's Est., 133 Pa. 260, Mr. Justice GREEN, speaking for the Supreme Court, after quoting from Hallowell v. Phipps, said: "The above statement of the rule was supported by a citation of numerous decisions which fully sustain it in all its parts. With us it has never been departed from, but has been enforced in many instances, and never with any abatement of

any of its terms. Examples of this are Dickinson v. Lee, 4 Watts, 82; Barnitz's App., 5 Pa. 264; Horwitz v. Norris, 49 Pa. 213; Castner's App., 88 Pa. 478."

In Castner's Appeal, 88 Pa. 478, STERRETT, J. said: "It is the well established rule of construction in this state, as well as elsewhere, that the word children in a will does not include grandchildren, unless it appears from the context to have been so intended by the testator, or such meaning is necessary to carry out his manifest intent, neither of which appears to exist in this case."

In the will under consideration, we find nothing in the context to warrant or justify a conclusion that the testator meant to include grandchildren when he said " my children.'' In several places in his will the testator refers to his children, to the children of his son, Ira L. Long, and to lineal descendants. In our opinion, a full and fair construction of this will as drawn will strongly negative the idea that the testator meant grandchildren when he said "my children."

It is urged that the language in the sentence quoted "parties taking per stirpes and not per capita" supports the idea that the testator meant to include his grandchildren when he said "if any of my children shall die without leaving lineal descendants," etc., but we do not attach sufficient importance to the provision as to the distribution per stirpes, to allow it to overcome the plain words of the will. That provision was probably placed in the will out of abundant caution as the testator could not foresee with certainty the exact situation that might exist when the trustee came to distribute the principal of the estate.

We conclude this opinion by adopting the clear language of counsel for appellant, as follows: That the proper construction of the residuary clause is, that: (1) All the legacies given in it are vested; (2) The legacies to the "children" of the testator are subject to be divested by death within twenty years without leaving lineal descendants, while (3) The legacies to the children of Ira L. Long are vested absolute and unconditional. It follows that the administrator of Florence R. Rettew is entitled to receive her full share of the income of the residuary estate for the entire year covered by the account, and the learned judge

of the court below committed error in apportioning it between the administrator and the surviving children of Ira L. Long.

The assignments of error are sustained, and the decree is reversed, and it is now ordered and decreed that the fund be distributed in accordance with this opinion.

RICE, P. J., dissenting:

While it is true that in the construction of wills, the courts favor that construction which, consistently with the words of the instrument, will give a vested rather than a contingent estate, yet this, like all other similar canons of construction, is subservient to the great rule as to the intent. Viewing this will as a whole, I am led to the conclusion reached by the learned judge below as to the intention of the testator, and therefore would affirm the decree.