## Weysser's Estate.

*Trusts and trustees — Termination of trust — Consent of all parties in interest.*

1. Although a trust may not have ceased by expiration of time, yet, if all the parties who are, or who may be, interested in the trust property are in existence and are *sui juris*, and if they all consent and agree thereto, a court of equity may decree the termination of the trust.

*Wills—Legacy—Children—Grandchildren.*

2. A bequest to children by name does not include grandchildren.

Petition to terminate testamentary trust. O. C. Carbon Co., No. 4124.

*Daniel W. Sitler*, for petitioner.

BARBER, P. J., July 21, 1925.—John R. G. Weysser died Feb. 17, 1911, and by his last will and testament, bearing date July 27, 1910, duly probated and recorded in Will Book No. 6, page, 388, provided as follows:

### Weysser's Estate.

"Item. I give and bequeath to my beloved wife Katherine T. Weysser all my household furniture, together with the use, rents, issues and incomes of all my real estate and personal property of every description, for and during her natural life, and request that she will provide for my daughter Anna M. Weysser during the lifetime of my said wife, and immediately and after the decease of my said wife, I give, devise and bequeath the rest and residue of my estate, real and personal, to my children John R. G. Weysser, Jr., Anne M. Weysser, Kate T. Hemm, Robert E. Weysser and my grandchildren Catherine Weysser, daughter of Charles Weysser, of Philadelphia, Pennsylvania, and Emma E. Smith, daughter of Louisa S. Smith, formerly Louisa C. Weysser, share and share alike, their heirs and assigns forever; except the shares of Catharine Weysser, daughter of Charles E. Weysser, and Emma E. Smith, daughter of Louisa C. Smith, whose share shall revert, and I hereby bequeath the same to my children John R. G. Weysser, Jr., Anne M. Weysser, Kate T. Hemm and Robert C. Weysser, in the event my said grandchildren Catharine Weysser and Emma E. Smith die before they are married.

"Item. I hereby appoint my hereinafter named executors trustees of the shares of my said grandchildren for and during the term of their unmarried state and to pay to my said grandchildren the interest and income growing out of their shares quarterly during the term and period of their unmarried state."

Katharine T. Weysser, the widow, is dead, and also Robert C. Weysser, one of the four reversioners, the latter intestate and unmarried.

Catharine Weysser, one of the two grandchildren, is now of full age and has married one Percival A. Lang.

Emma E. Smith, the petitioner named as legatee and devisee in said will, now of full age and unmarried, asks that the trust created thereof in her unmarried state be terminated, and in the prayer of her petition the three surviving reversioners and John R. G. Weysser, Jr., trustee, join as well as Catharine A. Lang, and by deed dated July 20, 1925, duly executed and delivered, have remised, released and quit-claimed to petitioner all their right, title and interest in and to the share of the real and personal property devised and bequeathed to petitioner, Emma E. Smith, in and by said above-recited will of John R. G. Weysser.

Title to property must vest in some person, and this will gives to the two grandchildren an absolute estate in the real and personal property of the testator, except that their respective shares shall revert and are bequeathed to testator's four children, above named, in the event said grandchildren die unmarried.

The two grandchildren have an absolute vested estate, subject to being divested in case of death before marriage. The reversion is to the four children, now three, specifically named; the share of Robert lapsed, he having died intestate and unmarried before the death of petitioner. No interest in the property, real or personal, is granted to the trustee. The executors are simply appointed trustees for the shares of the two grandchildren during their unmarried state and to pay to them the income of their shares during this period, and until death of one being unmarried, no title vests in the reversioners.

The reversioners have only a contingent interest which may never vest. The three surviving children having joined in the petition and asked the court to terminate the trust are thereby estopped from claiming by virtue of it. The bequest of the two shares is to the four children, not to their heirs or assigns. A bequest to children by name does not include grandchildren: Long's Estate, 228 Pa. 594; Hunt's Estate, 133 Pa. 260.

### Weysser's Estate.

The grandchildren having no interest vested or contingent, we have then all parties in interest joining in the petition for the termination of the trust and a conveyance by deed of the contingent interest, as well as that of the trust itself. Such an interest in land or personal property may be sold: Long's Estate, 228 Pa. 594.

"Although the trust may not have ceased by expiration of time . . . yet, if all the parties who are or who may be interested in the trust property are in existence and are *sui juris,* and if they all consent and agree thereto, courts of equity may decree the termination of the trust: Culbertson's Appeal, 76 Pa. 145, 148; Sharpless's Estate, 151 Pa. 214, 216; Woodburn's Estate, 151 Pa. 586; Harrar's Estate, 244 Pa. 542, 549; Packer's Estate (No. 1), 246 Pa. 97, 108, 109. See, also, Disston's Estate, 257 Pa. 537:" Stafford's Estate, 258 Pa. 595, 598; Perry on Trusts, § 920, page 832.

All parties in interest having joined in the petition and release, the trust may be terminated.

And now, July 21, 1925, the prayer of the petition is granted and the trust created for the share of Emma E. Smith, the petitioner, under the said will of Johh R. G. Weysser is hereby terminated, and the said Emma E. Smith declared to be entitled to have, hold and receive her said share of said estate the same as if she were married. And the said John R. G. Weysser, Jr., trustee, is authorized and directed to turn over to said Emma E. Smith her full share of the property in his hands and accruing to her under the will of said John R. G. Weysser, deceased, and upon a proper accounting and full statement, said trustee will be by the court discharged from said trust.

From Jacob C. Loose, Mauch Chunk, Pa.